# CARY MANUFACTURING COMPANY *v.* ACME FLEXIBLE CLASP COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 122. Submitted December 17, 1902.—Decided January 5, 1903.

Judgments and decrees of the Circuit Court of Appeals in all cases arising under the patent laws and under the criminal laws are made final by section six of the judiciary act of March 3, 1891, and cannot be brought from that court to this by appeal or writ of error. And even if a constitutional question so arises in the Circuit Court that a party may bring his case directly to this court under section five of that act, yet if he does not do so, but carries his case to the Circuit Court of Appeals, he must abide by the judgment of that court.

The case is stated in the opinion of the court.

*Mr. A. G. N. Vermilya* for plaintiff in error.

No appearance for defendant in error.

Mr. Chief Justice Fuller delivered the opinion of the court.

The Acme Flexible Clasp Company brought suit in the Circuit Court of the United States for the Southern District of

New York against the Cary Manufacturing Company for alleged infringement of letters patent No. 314,204, granted to W. O. Swett, March 17, 1885, for a staple fastener for wooden vessels, which went to a decree sustaining the validity of the patent and adjudging the Cary Manufacturing Company to have infringed it. 96 Fed. Rep. 344. Defendant appealed to the Circuit Court of Appeals for the Second Circuit and the decree was affirmed. 101 Fed. Rep. 269. Proceedings in contempt were subsequently commenced by the Acme Company to punish the alleged violation of the injunction issued under the decree, and the Circuit Court imposed a fine of $2000 for contempt, to be paid to the clerk of the court, one half of the sum to be paid to the Acme Company and one half to be paid to the United States. The Cary Company sued out a writ of error from the Circuit Court of Appeals to review this judgment, and the judgment was affirmed. 108 Fed. Rep. 873. Thereupon this writ of error was allowed.

It is apparent that the writ of error cannot be maintained, as the judgment of the Circuit Court of Appeals was final. Judgments and decrees of those courts in all cases arising under the patent laws and under the criminal laws are made final by section six of the judiciary act of March 3, 1891. Although it is insisted that the judgment imposing the fine was a final judgment in a criminal matter, it is argued that it involved the denial of constitutional rights, and hence that this court has jurisdiction under section five of that act; but it is settled that even if a party might be entitled to come directly to this court under that section, yet if he does not do so, and carries his case to the Circuit Court of Appeals, he must abide by the judgment of that court. *Robinson* v. *Caldwell*, 165 U. S. 359; *American Sugar Refining Company* v. *New Orleans*, 181 U. S. 277; *Huguley Manufacturing Company* v. *Galeton Cotton Mills*, 184 U. S. 290; *Ayres* v. *Polsdorfer*, p. 585, *post*.

*Writ of error dismissed.*