**FAWCETT PUBLICATIONS, Inc. v. BRONZE PUBLICATION, Inc. et al.**

No. 12478.

United States Court of Appeals Fifth Circuit.

June 3, 1949.

**McCOMB v. CRANE et al.**

No. 12335.

United States Court of Appeals Fifth Circuit.

June 3, 1949.

Rehearing Denied July 30, 1949.

See also Walling v. Crane, D.C.Ga., 64 F.Supp. 88; Walling v. Crane, C.A., 158 F.2d 80.

Bessie Margolin, Asst. Sol., U. S. Dept. of Labor, Washington, D. C., James H. Shelton, Senior Atty., U. S. Dept. of Labor, Birmingham, Ala., Thos. T. Purdom, Atty., U. S. Dept. of Labor, Birmingham, Ala., Beverley R. Worrell, Regional Atty., U. S. Dept. of Labor, Birmingham, Ala., for appellant.

Hugh Howell, Atlanta, Ga., Morris B. Abram, Atlanta, Ga., for appellees.

Before HUTCHESON, SIBLEY and LEE, Circuit Judges.

PER CURIAM.

The judgment, appealed from in part, was rendered pursuant to the decision of this Court in this case, Walling v. Crane, 5 Cir., 158 F.2d 80, wherein we held it was not the intent of Congress that the Administrator should by injunction and civil contempt proceedings collect deficiencies in wages under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The Supreme Court has now held otherwise in McComb v. Jacksonville Paper Company, 336 U.S. 187, 69 S.Ct. 497. We are compelled to disavow our previous decision as the law of this case and to reverse the judgment appealed from. Because a fine was imposed as the sole purgation of the contempt and its amount may have been influenced thereby, we set aside the entire judgment in order that the district court may have a free hand in dealing further with the case.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.