**McCOMB v. NORRIS et al.**

**No. 5923.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 7, 1949.

Decided Oct. 11, 1949.

Bessie Margolin, Assistant Solicitor, United States Department of Labor, Washington, D. C., (William S. Tyson, Solicitor, William A. Lowe and Joseph D. Mladinov, attorneys, Washington, D. C., and Beverly R. Worrell, Regional Attorney, United States Department of Labor, Birmingham, Ala., on the brief), for appellant.

Henry T. Busbee, Aiken, S. C. (Williams & Busbee, Aiken, S. C., on the brief), for appellees.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

DOBIE, Circuit Judge.

This appeal arises out of a civil contempt proceeding instituted by the Administrator of the Wage and Hour Division on September 2, 1948, against defendants Norris and Foreman, doing business as co-partners. The petition for adjudication in contempt alleged violations of a consent decree entered on August 19, 1943, against defendant Norris enjoining said "defendant, his officers, agents, servants, employees, attorneys, and all persons acting or claiming to act in his behalf or interest," from violating the minimum wage, overtime, record-keeping, and "hot goods" provisions of the Fair Labor Standards Act of 1938, Act of June 25, 1938, c. 676, 52 Stat. 1060, 29 U.S.C.A. § 201 et seq. The contempt petition alleged that defendants had been violating the overtime and record-keeping requirements of the consent decree and of the Act, and prayed that defendants be adjudged in contempt and be required to terminate their violations and "to make payment of wages required by said judgment" and that they also be required to compensate petitioner for the costs and expenses and other losses or damages sustained by reason of the contempt.

After trial, the district court issued an order finding defendant Norris in contempt for failure to comply with the record-keeping provisions of the Act; but the district court held that this failure by Norris was unintentional and not deliberate. So the court imposed against Norris a fine of $75 or imprisonment for thirty days and judgment was entered for the "costs of this action." The petition was ordered by the court to be dismissed as to defendant Foreman on the ground that Foreman was not a party to the action in which the injunction had originally issued, was "in no way connected in business with defendant Norris at that time," and that he did not know that the injunction was outstanding.

The court's order did not include any reference to the alleged violations of the overtime provision of the injunction and granted no relief or remedy with respect to them, apparently on the assumption that it was sufficient that defendant "paid his employees as much or more that the permissible minimum under the Act" plus time and one-half the minimum for overtime, and that in any event "the Administrator is not authorized to bring such an action to recover unpaid wages of employees, and what he cannot do directly he may not do indirectly."

This appeal by the Administrator is from the refusal of the court to adjudge defendant Norris in contempt for violation of the overtime requirements of the injunction and the failure of the court to grant the remedial relief necessary to enforce compliance and to compensate for losses or damages sustained by reason of such non-compliance. No appeal is taken by the Administrator from the order with respect to defendant Foreman and no appeal has been taken by Norris from the imposition of the fine of $75 imposed upon him.

The only questions thus before us are whether the district court erred in its failure to adjudge Norris in contempt for his alleged violation of the overtime provisions of the injunction, its failure to decree restitution of alleged overtime wages and its failure to award reasonable expenses incurred in the proceedings on behalf of the Administrator.

In denying any relief as to overtime, the district court gave two reasons: (1) that "defendant paid his employees as much or more than the permissible minimum under the Act" plus time and one-half this minimum for overtime and (2) that in any event "the Administrator is not authorized to bring such action to recover unpaid wages of employees, and what he cannot do directly he may not do indirectly." In each of these reasons, we think the court below was in error.

The only case cited by the court below to sustain its conclusion that unpaid wages for overtime could not be awarded in this contempt proceeding was Walling v. Crane, 5 Cir., 158 F.2d 80. But this decision was expressly overruled in McComb v. Crane, 174 F.2d 646, 647, by the same court, the United States Court of Appeals for the Fifth Circuit. Said that court in a brief Per Curiam opinion in this latter case: "The judgment, appealed from in part, was rendered pursuant to the decision of this Court in this case, Walling v. Crane, 5 Cir., 158 F.2d 80, wherein we held it was not the intent of Congress that the Administrator should by injunction and civil contempt proceedings collect deficiencies in wages under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The Supreme Court has now held otherwise in McComb v. Jacksonville Paper Company, 336 U.S. 187, 69 S.Ct. 497. We are compelled to disavow our previous decision as the law of this case and to reverse the judgment appealed from."

In McComb v. Jacksonville Paper Company, 336 U.S. 187, 193, 194, 195, 69 S.Ct. 497, 500, said Mr. Justice Douglas:

"We have no doubts concerning the power of the District Court to order respondents, in order to purge themselves of contempt, to pay the damages caused by their violations of the decree. * * * We are dealing here with the power of a court to grant the relief that is necessary to effect compliance with its decree. The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. * * *

"The direction of the court was that respondents make payments of wages to their

employees pursuant to a prescribed formula. If the court is powerless to require the prescribed payments to be made, it has lost the most effective sanction for its decree and a premium has been placed on violations. The fact that another suit might be brought to collect the payments is, of course, immaterial. For the court need not sit supinely by waiting for some litigant to take the initiative. Vindication of its authority through enforcement of its decree does not depend on such whimsical or fortuitous circumstances. The fact that the Administrator is the complainant and that the back wages go to the employees are not material. It is the power of the court with which we are dealing—the power of the court to enforce compliance with the injunction which the Act authorizes, which the court has issued, and which respondents have long disobeyed."

From this same opinion, 336 U.S. at page 191, 69 S.Ct. 497, 499, we quote further: "The absence of wilfulness does not relieve from civil contempt. Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. See United States v. United Mine Workers, 330 U.S. 258, 303-304, 67 S.Ct. 677, 701, 91 L.Ed. 884; Penfield Co. v. Securities and Exchange Commission, 330 U.S. 585, 590, 67 S.Ct. 918, 921, 91 L.Ed. 1117; Maggio v. Zeitz, 333 U.S. 56, 68, 68 S.Ct. 401, 407, 92 L.Ed. 476. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act. The decree was not fashioned so as to grant or withhold its benefits dependent on the state of mind of respondents. It laid on them a duty to obey specified provisions of the statute. An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently. The force and vitality of judicial decrees derive from more robust sanctions. And the grant or withholding of remedial relief is not wholly discretionary with the judge, as Mr. Justice Brandeis wrote for a unanimous Court in Union Tool Co. v. Wilson, 259 U.S. 107, 111-112, 42 S.Ct. 427, 428, 429, 66 L.Ed. 848. The private or

public rights that the decree sought to protect are an important measure of the remedy."

See, also Union Tool Co. v. Wilson, 259 U.S. 107, 42 S.Ct. 427, 66 L.Ed. 848; Parker v. United States, 1 Cir., 153 F.2d 66, 70, 163 A.L.R. 379; L. E. Waterman Co. v. Standard Drug Co., 6 Cir., 202 F. 167.

We think, then, that it is clear that the court below possessed the power, which it should have exercised, to decree restitution of any unpaid wages due for overtime work.

The court below was in error in its conclusion that for overtime the Act required Norris to pay merely one and one-half the minimum wage prescribed by the Act. On the contrary, the Act requires the employer to pay for overtime one and one-half the regular wage of the employee, when this regular wage exceeds the minimum prescribed by the Act. We made this quite clear in Missel v. Overnight Motor Transportation Co., 4 Cir., 126 F.2d 98, affirmed Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L. Ed. 1682. Said Mr. Justice Reed, in his opinion in this case, 316 U.S. at page 577, 62 S.Ct. at page 1220: "The provision of section 7(a) (of the Act) requiring this extra pay for overtime is clear and unambiguous. It calls for 150% of the regular, not the minimum wage." And see, also, Bay Ridge Operating Co., v. Aaron, 334 U.S. 446, 68 S.Ct. 1186, 92 L.Ed. 1502; Walling v. Harnischfeger Corporation, 325 U.S. 427, 431, 65 S.Ct. 1246, 89 L.Ed. 1711; Walling v. Helmerich & Payne, 323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29.

In this connection we point out that Norris cannot escape payment for overtime under the decision in the celebrated case of Fleming v. A. H. Belo Corporation, 5 Cir., 121 F.2d 207, affirmed by the Supreme Court (in a 5-4 decision on the same date as the Missel decision, supra) Walling v. A. H. Belo Corp., 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716. On the contrary, the wage patterns in the instant case correspond to those involved in Castle v. Walling, 153 F.2d 923, decided by the same

court (the Circuit Court of Appeals for the Fifth Circuit) which also decided the Belo case. And, rather oddly, both the Castle case and the instant case involved sawmills. So that the instant case is governed by the decision in the Missel case, supra.

 Finally, the judgment below should include not only the court costs of the instant contempt proceeding but also the expenses incurred by the Administrator in investigating and presenting this civil contempt case. These expenses were proved in detail by affidavits and their recovery seems in line with a number of decisions. Thus, in the per curiam opinion in Cary Manufacturing Co. v. Acme Flexible Clasp Co., 2 Cir., 108 F. 873, 874, appeal dismissed 187 U.S. 427, 23 S.Ct. 211, 47 L.Ed. 244, it was said: "The power of the circuit court to direct the payment of a part or all of the fine to the complainant in an application for contempt, as a compensation for his time and outlay in prosecuting the application, has been often recognized in the circuit courts, especially in this circuit; and in practice is a power which ought to be exercised when the expenses and trouble to which the complainant has been subjected justify its exercise."

In Gordon v. Turco-Halvah Company, 2 Cir., 247 F. 487, 492, Judge Learned Hand stated: " * * * this is a proceeding for contempt, and, while we have no power to impose a penalty, *we do have the power to make the plaintiff whole for all reasonable expense to which he may have been put, including a counsel fee.* As we regard the charge for copies of the stenographer's minutes as a reasonable disbursement, we deem it just that plaintiff should be made whole for that expense, even though he could not have taxed it in his bill of costs." (Italics ours.)

Remarked Mr. Justice Lamar, in Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 444, 31 S.Ct. 492, 499, 55 L.Ed. 797, 34 L.R.A.,N.S., 874, "The only possible remedial relief for such disobedience would have been to impose a fine for the use of complainant, measured in some degree by the pecuniary injury caused by the act of disobedience." See, also, Odell v. Bausch & Lomb Optical Co., 7 Cir., 91 F. 2d 359, 361. And, in Re North Bloomfield Gravel Mining Co., C.C., 27 F. 795, 800 Circuit Judge Sawyer said: "Let judgment for a fine of $1,500 be entered, with costs. As a compensation, in part, for the large expenses that must have been incurred in procuring evidence and prosecuting this proceeding for contempt, the money, when collected, will be paid over to complainant or his solicitors."

The judgment of the district court is reversed and the case is remanded to that court with instructions to enter judgment in favor of the Administrator for any overtime pay which may be proved, at the rate outlined in this opinion, and for the incidental expenses of the Administrator in investigating and presenting this case for a civil contempt.

Reversed and remanded.