TOBIN, Secretary of Labor, v. LA DUKE.

No. 12778.

United States Court of Appeals
Ninth Circuit.

July 9, 1951.

William S. Tyson, Solicitor, U. S. Department of Labor, Bessie Margolin, Asst. Solicitor, and William A. Lowe, Leonard Appel, Attorneys, all of Washington, D. C., Kenneth C. Robertson, Regional Attorney, San Francisco, Cal., for appellant.

Sidney A. Milligan, Neil Brown, Eugene, Or., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

In 1941 the district court permanently enjoined appellee from violating the overtime compensation and record-keeping provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. In 1949 appellant instituted proceedings to have appellee adjudged in civil contempt of the injunction by paying less than the overtime wages required by Section 7 of the Act to three lumber loaders, and by failing to keep wage and hour records for these three and for a fourth employee, a bookkeeper. In response appellee asserted that the four persons named were not his employees but worked as independent contractors during the period in question. The court found that the four were independent contractors and entered judgment denying the relief requested.

There is no material dispute on the basic facts of the arrangement and relationship between appellee and the four persons involved. They are summarized in a stipulation of the parties, further supplemented by uncontradicted evidence introduced on the trial. The conclusion to be drawn from the facts is essentially one of law. The decisions in Rutherford Food Corp. v. McComb, 331 U.S. 722, 67

S.Ct. 1473, 91 L.Ed. 1772, and United States v. Silk and Harrison v. Greyvan Lines, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757, are squarely in point and are controlling. The judgment of the district court must be reversed on the authority of those decisions. The court is directed to include in its judgment of civil contempt an order for restitution of any unpaid wages due for overtime work and for compensation for court costs and the expenses incurred by appellant in investigating and presenting the contempt matter. Cf. McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599; McComb v. Norris, 4 Cir., 177 F.2d 357.

The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.