804

## SUNBEAM CORPORATION
### v.
### Burt J. QUINT, d/b/a Burt's Sales.

Civ. A. No. 55–652.

United States District Court
D. Massachusetts.

April 3, 1956.

H. L. Kirkpatrick, Martin Kirkpatrick, Fish, Richardson & Neave, of counsel, Boston, Mass., for plaintiff.

Gordon, Bulkley, Godfrey & Burbank, William A. Godfrey, Springfield, Mass., for defendant.

ALDRICH, District Judge.

Following an injunction in an action under the Massachusetts Fair Trade Act, so-called,[1] entered in this court September 1, 1955, the plaintiff, in January, 1956, investigated to find if defendant was complying with the decree. It uncovered forthwith a number of sales on divers days in open violation. The defendant does not dispute their occurrence. Nor does he question the court's power to impose pecuniary consequences.

Plaintiff's motion states that it "moves for an order punishing the Defendant * * * pursuant to Title 18 U.S.C. § 401 and the prevailing usages of law, for contempt." It asks that the court order, among other things, that the defendant pay its expenses in connection with the violations, including attorney's fees in this proceeding. In a civil contempt matter, which this is, in spite of the perhaps inappropriate use of the word "punish" in the motion, this is proper practice. Raymor Ballroom Co. v. Buck, 1 Cir., 110 F.2d 207; McComb v. Norris, 4 Cir., 177 F.2d 357. Statements of counsel were received indicating that the investigation, and preparing and conducting this proceeding will actually cost the plaintiff a total of $750 for legal services and other expenses. It has been said that the court cannot assess less than what is needed to make the plaintiff whole. See Parker v. United States, 1 Cir., 153 F.2d 66, 70, 163 A.L.R. 379. However, I do not believe that this obligates me to award plaintiff's actually incurred expenses, but only what, on the record, would appear somewhat conservatively reasonable. Cf. Hayden v. Hayden, 326 Mass. 587, 96 N. E.2d 136.

1. Mass.Gen.Laws (Ter.Ed.) Ch. 93, §§ 14A–14D, as added by St.1937, c. 398, as amended; General Electric Co. v. Kimball Jewelers, Mass.1956, 132 N.E.2d 652.

The defendant is adjudged in contempt, and will be ordered to pay to the Clerk of this Court the sum of $500 for the use and benefit of the plaintiff.