**James P. MITCHELL, Secretary of Labor, Plaintiff,**

v.

**ALL–STATES BUSINESS PRODUCTS CORPORATION and Arthur Kunzweiler, Defendants.**

**No. C–19801.**

United States District Court
E. D. New York.

July 6, 1964.

Charles Donahue, Solicitor, John A. Hughes, Regional Atty., Samuel Gorin, Atty., United States Dept. of Labor, for plaintiff.

Haskell & Blatt, New York City, for defendant All-States Business Products Corp.

Lipper, Shinn, Keeley & Dannenberg, New York City, Aaron Lipper, Richard B. Dannenberg, New York City, of counsel, for defendant Arthur Kunzweiler.

ZAVATT, Chief Judge.

As a result of an agreement reached between the Secretary and the defendants herein, said defendants were permanently enjoined, by an order of this court dated July 14, 1959, from violating the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., in the following pertinent respects:

"(2) Defendants shall not, contrary to Section 7 of the Act, employ any of their employees, engaged in commerce or in the production of goods for commerce, as defined by the Act, for a workweek longer than forty (40) hours, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

\* \* \* \* \* \*

"(4) Defendants shall not fail to make, keep and preserve adequate and accurate records of their employees, and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations of the Administrator of the Wage and Hour Division \* \* \*."

The Secretary, alleging that the defendants have failed to comply with these requirements, has moved this court for an order adjudicating them in civil contempt of the July 14, 1959 order and imposing a compensatory fine "in an amount equal to the difference between what the respondents had actually paid to their employees subsequent to the entry of the Court's judgment and the amount the respondents should have paid their employees had they not failed and refused to obey the judgment of the Court."

At the oral argument of this motion the court noted that this motion could not be disposed of without an evidentiary hearing and suggested referring the matter to a master for this purpose. The sole question before the court at this time is whether, due to the Secretary's request for a "compensatory fine" to be distributed to certain of defendant's employees, the defendants herein have a right to trial by jury.

In McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949) the Supreme Court was faced with a similar set of facts and concluded that no such right exists:

"We have no doubts concerning the power of the District Court to order respondents, in order to purge themselves of contempt, to pay the damages caused by their violations of the decree. \* \* \* We are dealing here with the power of a court to grant the relief that is necessary to effect compliance with its decree.

The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. * * *

The direction of the court was that respondents make payments of wages to their employees pursuant to a prescribed formula. If the court is powerless to require the prescribed payments to be made, it has lost the most effective sanction for its decree and a premium has been placed on violations. The fact that another suit might be brought to collect the payments is, of course, immaterial. For the court need not sit supinely by waiting for some litigant to take the initiative. Vindication of its authority through enforcement of its decree does not depend on such whimsical or fortuitous circumstances. The fact that the Administrator is the complainant and that the back wages go to the employees are not material. It is the power of the court with which we are dealing—the power of the court to enforce compliance with the injunction which the Act authorizes, which the court has issued, and which respondents have long disobeyed." 336 U.S. at 193–195, 69 S.Ct. at 500–501.

Since McComb v. Jacksonville Paper Co., supra, there can be no doubt that a District Court has the power, upon finding an employer to be in civil contempt, to order reimbursement of unpaid wages to his employees. Although none of the cases present the precise argument made herein, i. e., whether there is a constitutional right to trial by jury upon this issue, it appears that in each case in which such payments were ordered the District Judge was sitting without a jury. Moreover, in one case, In re Samuel Piccinini, 49 L.C. ¶ 31,564 (W.D.Pa. 1964), the defendant appears to have conceded that there was no such constitutional right and based his argument for a trial by jury upon an alleged statutory right. The court therein found no statutory right thereto and struck defendant's demand for a jury trial. It must be concluded then, by the vast weight of authority, that a District Court, sitting without a jury, is empowered to award such reimbursement as is asked herein in conjunction with a finding of civil contempt. See Tobin v. La Duke, 190 F.2d 677 (9th Cir. 1951) (per curiam); McComb v. Norris, 177 F.2d 357 (4th Cir. 1949); McComb v. Crane, 174 F.2d 646 (5th Cir. 1949) (per curiam); Wirtz v. Moorehead, 49 L.C. ¶ 42,039 (N.D.Ill. 1964); Tobin v. Mason & Dixon Lines, Inc., 102 F.Supp. 466 (E.D.Tenn.1951); Tobin v. Alma Mills, 92 F.Supp. 728 (W.D.S.Car.1950), modified on other grounds, 192 F.2d 133 (4th Cir. 1951), cert. denied, 343 U.S. 933, 72 S.Ct. 769, 96 L.Ed. 1342 (1952). Cf., Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960) reversing 260 F.2d 929 (5th Cir. 1958); Tobin v. Pielet, 186 F.2d 886 (7th Cir. 1951); McComb v. Frank Scerbo & Sons, Inc., 177 F.2d 137 (2d Cir. 1949); Wirtz v. Robert E. Bob Adair, Inc., 224 F.Supp. 750 (W.D.Ark.1963); Wirtz v. Alapaha Yellow Pine Prods., Inc., 217 F.Supp. 465 (M.D.Ga.1963); Wirtz v. Turner, 227 F.Supp. 395 (N.D.Ga.1963).

The defendant's reliance upon Dairy Queen, Inc., v. Wood, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962) and Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959), is unwarranted. These cases in no way limit the power of a District Court, upon finding a defendant in civil contempt, to enforce its prior order by awarding damages resulting from that contempt. In fact, it has recently been held that these cases confer no right to trial by jury in an injunctive proceeding under the Fair Labor Standards Act, even when an award of back pay is sought in the injunction. Wirtz v. Moorehead, supra; Wirtz v. Turner, supra. But see, Wirtz v. Thompson Packers, Inc., 224 F.Supp. 960 (E.D.La.1963). But whatever may be the law concerning a right to trial by jury in injunctive proceedings brought under the Act, nothing in the subsequent jurisprudence has limited the conclusion

of the Supreme Court in an action such as this, that there can be no doubt "concerning the power of the District Court to order respondents, in order to purge themselves of contempt, to pay the damages caused by their violations of the decree"; that "[t]he measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief." McComb v. Jacksonville Paper Co., supra, 336 U.S. at 193, 69 S.Ct. at 500.

As noted above, the court cannot, on the mere allegations contained in the pleadings, reach a conclusion concerning defendants' alleged contempt of the July 14, 1959 order. Since it has been determined that the defendants have no right to a trial by jury in this matter, it is hereby referred to Richard B. Cooper of 30 Rockefeller Plaza, New York, New York, as Master to hear and report.

Settle an order consistent herewith on or before ten (10) days from the date hereof.