**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff-Petitioner,**

**v.**

**COMPANIA DE SERVICIOS ELECTRI-COS, S.A. and P. W. Baumgardner, individually and as President and Manager of Compania De Servicios Electricos, S.A., Defendants-Respondents.**

**Civ. A. No. 5536.**

District Court, Canal Zone, Division Balboa.

July 10, 1967.

Morton J. Marks, Regional Atty., United States Dept. of Labor, Santurce, Puerto Rico, for plaintiff-petitioner.

De Castro & Robles, Balboa, Canal Zone, for defendants-respondents.

CROWE, District Judge.

This cause having come on to be heard pursuant to the order to show cause issued by this Court, petitioner being represented by Morton J. Marks and Felix V. De Jesus and respondents by Woodrow De Castro, and the Court having examined the Petition for prosecution of respondents, Compania de Servicios Electricos, S. A. and P. W. Baumgardner, individually and as President and Manager of Compania de Servicios Electricos, S. A., for civil contempt of Court and to enlarge and expand the Judgment of this Court entered on July 9, 1963, the answer of respondents thereto, arguments and statements of counsel, and being otherwise fully advised in the premises, does hereby now make and enter, pursuant to Rule 52 of the Federal Rules of Civil Procedure, its Findings of Fact and Conclusions of Law as follows:

### FINDINGS OF FACT

1. Plaintiff-Petitioner, W. Willard Wirtz, hereinafter referred to as petitioner, is and at all times hereinafter mentioned was the duly appointed Secretary of Labor, United States Department of Labor, charged with the duties, responsibilities and authority vested in him by the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. 201

et seq.), hereinafter referred to as the Act.

2. Respondent, Compania de Servicios Electricos, S. A., hereinafter referred to as respondent corporation, is and at all times hereinafter mentioned was a corporation organized under the laws of the Republic of Panama, and having a place of business and engaging in business in the Panama Canal Zone, within the jurisdiction of this Court.

3. a. Respondent, P. W. Baumgardner, hereinafter referred to as respondent-individual, is and at all times hereinafter mentioned was an individual of legal age residing in the Republic of Panama.

b. Respondent-individual is and at all times hereinafter mentioned was the President and Manager and principal stockholder of respondent corporation.

c. Respondent-individual, as President and Manager of respondent corporation, is and at all times hereinafter mentioned was in charge, and directed the operations and activities, of respondent corporation in the Panama Canal Zone, within the jurisdiction of this Court.

d. Respondent-individual, as President and Manager of respondent corporation's operations and activities in the Panama Canal Zone, established, directed and formulated the employment practices and policies of respondent corporation in the Panama Canal Zone, and supervised and directed all activities of respondent corporation's employees in the said Panama Canal Zone.

4. On April 11, 1963, pursuant to the authority vested in him by the Act, W. Willard Wirtz, Secretary of Labor, United States Department of Labor, instituted in this Court a civil action to enjoin and restrain respondents from violating certain provisions of the Act, styled W. Willard Wirtz v. Compania de Servicios Electricos, S. A. and P. W. Baumgardner, Individually and as President and Manager of Compania de Servicios Electricos, S. A., being Civil Action No. 5536 in the files of this Court.

5. Thereafter, On July 9, 1963, this Court entered Findings of Fact, Conclusions of Law, and Judgment in the civil action referred to in paragraph 4 hereof, permanently enjoining and restraining respondent corporation, respondent-individual, their agents, servants, employees, attorneys, and all persons acting or claiming to act in their behalf and interest, from violating the provisions of Section 15(a) (2) of the Act, as follows:

1. The defendants shall not, contrary to Section 6 of the Act, pay any of their employees who are engaged in commerce, as defined in the Act, wages at less than the minimum applicable under the Act.

2. The defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce, as defined in the Act, for a workweek longer than forty (40) hours, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed.

3. The defendants shall not continue withholding from their employees the amount of $13,369.53. The provisions of this order shall be deemed satisfied when the defendants deliver to the plaintiffs a certified check or checks in the total amount of $13,369.-53 in accordance with the administrative policies and procedures of the plaintiff. The plaintiff shall distribute the proceeds of the payment to the persons found by plaintiff or by his designated representatives, to be entitled to the payment of back wages, or to their estates if that is necessary, and any money not so paid within a reasonable time, because of inability to locate the proper persons or because of their refusal to accept it, shall be covered into the Treasury of the United States as miscellaneous receipts.

6. a. Respondent corporation and respondent-individual had full knowledge of the judgment referred to in paragraph 5 hereof and of its contents and terms,

copies of same having been served upon each of them.

b. Further, on January 23, 1964, this Court issued a writ of execution in the amount of $13,369.53, which was the amount specified in the judgment of this Court referred to in paragraph 5 hereof. Said writ of execution was duly served on respondents by the U. S. Marshal and was returned on March 20, 1964, together with the sum of $10,887.88. The sum thus collected by the representative of the U. S. Marshal was applied as a partial satisfaction of the aforesaid execution.

c. On August 7, 1964, and continuing through December 10, 1964, alias writs of execution were issued in varying amounts representing the sums then remaining to be paid under the judgment referred to in paragraph 5 hereof. Each of the writs were duly served on respondents by representatives of the U. S. Marshal, returned to the Court together with any sums collected thereunder, and such sums, were applied as partial satisfaction of the judgment referred to in paragraph 5 hereof. Final payment of the sum provided in the aforesaid judgment was received by the representative of the Secretary of Labor on January 11, 1965.

d. During the period referred to in paragraph 6 hereof, respondent corporation and respondent-individual were each represented by counsel and were each fully advised by representatives of Court, the U. S. Attorney, and the Secretary of Labor, as to the content and terms of the judgment referred to in paragraph 5 hereof.

7. a. At all times since July 9, 1963, the date of entry of the judgment referred to in paragraph 5 hereof, respondent corporation and respondent-individual have continued to engage in the construction and reconstruction business within the Panama Canal Zone.

b. At all times since July 9, 1963, the date of entry of the judgment referred to in paragraph 5 hereof, respondent corporation and respondent-individual have continued to be the employer of employees engaged in construction, reconstruction, maintenance, repair, alteration, and modification of structures and facilities located within the Panama Canal Zone, which structures and facilities are essential to the efficient use and defense of the Panama Canal and said Canal Zone.

c. At all times since July 9, 1963, the date of entry of the judgment referred to in paragraph 5 hereof, respondents' employees have been and are engaged, both in the Panama Canal Zone and the Republic of Panama, in the construction, reconstruction, maintenance, repair, alteration and modification of buildings and structures.

d. At all times since July 9, 1963, the date of entry of the judgment referred to in paragraph 5 hereof, the business activities of respondents referred to in subparagraphs "a" through "c" hereof, were and are related and were and are performed as a unified operation under common control for a common business purpose, and respondents had and have an annual gross volume from the aforesaid construction and reconstruction business of not less than $350,000.

e. The business activities described in subparagraph "d" hereof constitute an enterprise engaged in commerce and in the production of goods for commerce within the meaning of Sections 3(r) and 3(s) of the Act.

8. At all times since July 9, 1963, the date of entry of the judgment referred to in paragraph 5 hereof, respondents employed and they are employing at least fifty-five (55) employees in the enterprise described in paragraph 7 hereof.

9. At times since July 9, 1963, the date of entry of the judgment referred to in paragraph 5 hereof, respondent corporation and respondent-individual, have failed to comply with the judgment of this Court referred to in the aforementioned paragraph 5 hereof, and have violated the said judgment in that they

have employed many of their employees in construction, reconstruction, maintenance, repair, alteration and modification of structures and facilities located within the Panama Canal Zone, including, but not limited to, such places as Howard Air Force Base, Albrook Air Force Base and Fort Clayton, for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours in the workweek at a rate not less than one and one-half times the regular rate or rates at which they were employed, contrary to paragraph 2 of the aforesaid judgment and Sections 7 and 15(a) (2) of the Act.

10. In addition, respondents have violated the provisions of Sections 15(a) (2) and 15(a) (5) of the Act in the following manners:

a. Throughout the period from September 3, 1963, and continuing through September 2, 1964, respondents employed many of their employees in an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty-four (44) hours without compensating said employees for their employment in excess of such forty-four (44) hours during each such workweek at a rate not less than one and one-half times the regular rate or rates at which they were employed.

b. Throughout the period from September 3, 1964, and continuing through September 2, 1965, respondents employed many of their employees in an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty-two (42) hours without compensating such employees for their employment in excess of forty-two (42) hours during each such workweek at a rate not less than one and one-half times the regular rate or rates at which they were employed.

c. At times since September 3, 1965, respondents employed many of their employees in an enterprise engaged in commerce and in the production of goods for commerce within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours during each such workweek at a rate not less than one and one-half times the regular rate or rates at which they were and are employed.

d. At times since March 30, 1966, respondents violated and failed to make available for inspection, adequate and accurate records with respect to their employees and the wages, hours and other conditions and practices of employment required to be maintained by them by regulations duly issued pursuant to the authority granted in the Act, published in the Federal Register and known as 29 CFR 516.

11. As a result of the practices referred to in Findings of Fact Nos. 9 and 10 hereof, there is due and owing from respondents to their following named employees unpaid wages for the period beginning July 9, 1963, and ending June 29, 1966, in the amounts set forth opposite their names, in the total sum of $16,904.-92, to wit:

| NAME | TOTAL AMOUNT FOUND DUE |
| --- | --- |
| Alfredo, Abrejo | $ 60.00 |
| Acevedo, Serafin | 5.00 |
| Acosta, Mercedes | 10.00 |
| Adames, Luis | 211.26 |
| Aguilar, Rolando | 20.00 |
| Aizpurua, Victor A. | 43.12 |
| Aldama, Teodoro | 16.26 |
| Ambulo, Licurgo | 59.70 |
| Angeles, Ascanio A. | 61.58 |
| Arauz, Molina, Higinio | 56.25 |
| Ariza Z, Antonio | 263.45 |
| Arona, Marcos A. | 327.17 |
| Bailey, Eric | 60.00 |
| Barrera, Silverio C. | 39.38 |
| Barria, Andres | 274.03 |
| Barria, Cipriano | 238.79 |
| Bazan, Victor M. | 318.13 |
| Benavides, Ismael | 341.27 |
| Bethancourt, Rogelio | 10.00 |
| Bethancourt, Sebastian | 10.00 |

| NAME | TOTAL AMOUNT FOUND DUE |
|---|---|
| Botello, Pablo E. | 291.05 |
| Brenes, Miguel | 180.01 |
| Brown, Wesley | 73.13 |
| Cardoze, Carlos E. | 94.38 |
| Cardose, Jose M. | 157.12 |
| Carrasco, Franklin | 111.23 |
| Carrasco, Luis I. | 177.53 |
| Carrasco, Manuel De J. | 5.00 |
| Carrasquilla, Manuel De J. | 275.17 |
| Castillo, Anibal | 30.00 |
| Castillo, Jose M. | 309.34 |
| Castillo, Luis A. | 426.61 |
| Cedeno, Edwin | 80.01 |
| Cedeno, Guillermo | 272.43 |
| Cesar, Edis M. | 55.00 |
| Cervantes, Miguel | 322.10 |
| Chandler, John F. | 187.19 |
| Charleri, Jacinto B. | 30.00 |
| Constante, Ramon | 149.38 |
| Cordova, Nicasio | 258.28 |
| Cordova, Rafael | 9.60 |
| Cortes, Manuel R. | 18.80 |
| De La Cruz, Dolores F. | 35.62 |
| De Obaldia, Edgardo | 67.55 |
| De Sedas, Francisco A. | 136.56 |
| Diaz-Lorenzo, Emilio | 105.16 |
| Donado, Valerio | 254.44 |
| Escobar, Telesford | 28.75 |
| Escudero, Simon | 82.50 |
| Espinosa, Jose Ines | 7.50 |
| Esturain, Bartolome | 236.65 |
| Fuentes, Isidoro | 60.00 |
| Gale, Renaldo | 256.03 |
| Gamboa, Eugenio | 298.30 |
| Garcia, Esteban | 66.25 |
| Garrido, Manuel | 40.05 |
| Gomez, Demetrio | 61.41 |
| Gonzalez, Eliecer | 18.40 |
| Gonzalez, Jesus M. | 84.60 |
| Gonzalez, Jose Del C. | 41.25 |
| Guardado, Francisco J. | 236.50 |
| Guerra, Alfonso M. | 79.99 |
| Guerrero, Diomedes | 55.63 |
| Guerrero, Manuel De J. | 118.12 |
| Hernandez, Manuel | 277.66 |
| Jimenez, Leoncio | 22.50 |
| Lopez, Ricardo | 366.70 |
| Lopez, Jose De Las Nieves | 104.32 |
| Justiniani, Nicolas | 510.62 |
| Justiniani, Liborio | 15.00 |
| Marmolejo, Cornelio | 238.62 |
| Martinez O, Antonio | 97.27 |
| Martinez, Demetrio G. | 322.11 |
| Martinez Ortiz, Fabio | 70.05 |
| Martinez G, Luis | 207.50 |
| Martinez B, Santos | 8.75 |
| Melo, Andres A. | 10.00 |
| Mena, Francisco | 7.50 |
| Miranda, Carlos A. | 90.00 |
| Moran, Jorge A. | 13.80 |
| Moreno, Jose | 30.00 |
| Moreno, Julio | 99.57 |
| Murillo, Florencio | 147.52 |
| Murillo, Socorro A. | 21.87 |
| Obando, Manuel A. | 10.00 |
| Padilla, Benito | 22.10 |
| Paredes, Carlos V. | 7.50 |
| Paredes, Manuel A. | 270.32 |
| Paz, Eduardo E. | 471.71 |
| Perez, Miguel A. | 317.50 |
| Perez, Visitacion | 36.25 |
| Pineda, Juan H. | 129.90 |
| Quiel, Hermiel R. | 10.00 |
| Quiros, Estenio | 78.39 |
| Quiros R, Falconeri | 101.26 |
| Ramirez, Cristobal F. | 30.00 |
| Ramos, Felipe | 78.26 |
| Rangel, Daniel | 328.28 |
| Rangel, Luis C. | 65.00 |
| Riquelme Campos, Manuel | 40.00 |
| Rodriguez, Daniel N. | 60.00 |
| Rodriguez, Demostinez | 345.78 |
| Rodriguez, Tomas A. | 152.56 |
| Rodriguez Diaz, Tomas | 80.08 |
| Jameson, Edgar | 311.26 |
| Saavedra, Felipe | 268.61 |
| Sampson, Robert H. | 335.48 |
| Sanchez, Abel M. | 263.28 |
| Sanchez, Arnulfo | 91.88 |
| Santiago Pena, Blas | 18.80 |
| Simiti, Olmedo | 265.16 |
| Vargas, Filiberto | 273.53 |
| Vazquez, Pedro | 76.87 |
| Vazquez, Valentin | 327.48 |
| Veliz, Horacio | 70.00 |
| Vergara, Socorro Avelino | 45.02 |
| Vergara, Bernardo | 170.52 |
| Vergara, Cesar A. | 16.88 |
| Vernaza, Federico | 339.33 |
| Villareal, Jose | 124.38 |
| Ward, Albert H. | 226.25 |
| Zapateiro, Abel A. | 73.93 |
| Total | $16,904.92 |

12. The unpaid wages referred to in Findings of Fact No. 11 hereof represent the difference between the total amounts of wages paid by respondents and the total amounts of wages which respondents should have paid to each of the employees enumerated in said Findings of Fact No. 11 hereof.

13. Respondents, by the courses of conduct and practices described in Findings of Fact Nos. 9 and 10 hereof, failed to comply with the judgment of this Court referred to in Findings of Fact No. 5 hereof.

14. Respondents, by their failure and refusal to comply with the judgment of this Court referred to in Findings of Fact No. 5 hereof have caused petitioner to suffer damages and incur expenses in the investigation of the wages, hours, and other conditions and practices of employment maintained by said respondents, and in the preparation and prosecution of this proceeding, amounting to the total sum of $2500.00.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of this action pursuant to the provisions of the Fair Labor Standards Act of 1938, as amended (52 Stat. 1060, as amended; 29 U.S.C. 201 et seq.), hereinafter called the Act.

2. The judgment of the Court referred to in Findings of Fact No. 5 hereof, is, and at all times since July 9, 1963, has been in full force and effect.

3. During the period from July 9, 1963, to and including June 29, 1966, respondents employed the persons named in Findings of Fact No. 11 hereof in commerce within the meaning of the Act and the judgment referred to in Findings of Fact No. 5 hereof. Mitchell v. Lublin McGaughy and Associates, 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243; Mitchell v. Empire Gas Engineering Co., 256 F.2d 781 (CA 5); Mitchell v. Blanchard, 272 F.2d 574 (CA 5); Mitchell v. Ballenger Paving Co., 299 F.2d 297 (CA 5). Said employees were also employed by an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

4. The acts and conduct of respondents described in Findings of Fact Nos. 9 and 10 hereof, constitute civil contempt of the judgment referred to in Findings of Fact No. 5 hereof. McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599; McComb v. Crane, 174 F.2d 646 (CA 5).

5. Respondents, by way of mitigation, assert that their acts and conduct, described in Findings of Fact Nos. 9 and 10 hereof, were occasioned by (a) a belief that the compensation required to be paid by the Act was satisfied in part by payments to the employees of certain fringe benefits in compliance with the Labor Code of the Republic of Panama, and (b) the fact that provisions relating to applicability of the Fair Labor Standards Act were deleted from certain Government contracts. It is well settled that it matters not with what intent the respondents did the prohibited acts. An act does not cease to be a violation of the law and of a decree merely because it may have been done innocently and with no purpose to evade the decree. Civil contempt is a sanction to enforce compliance with an order of the Court or to compensate for losses or damages sustained by reason of non-compliance. McComb v. Jacksonville Paper Co., supra; Wirtz v. Ocala Gas Co., 336 F.2d 236 (CA 5).

6. Respondents are indebted to each of the persons enumerated in Findings of Fact No. 11 in the amounts set forth opposite each such person's name. McComb v. Jacksonville Paper Co., supra; McComb v. Crane, 174 F.2d 646 (CA 5).

7. Petitioner is entitled to an enlargement of the judgment previously entered in this cause as prayed for in his Petition. Credit Service, Inc., v. Fleming, 51 Labor Cases, para. 31,658 (S.D.Fla.1964), affirmed 372 F.2d 143 (CA 5, 1967).

8. Petitioner is entitled to a compensatory fine in the sum of $2500.00 to reimburse him for his reasonable costs and expenses in the investigation of respond-

ents' operations and in the prosecution of the captioned civil contempt action pursuant to the order to show cause heretofore entered herein. McComb v. Jacksonville Paper Co., supra; Credit Service Inc., v. Fleming, supra; McComb v. Norris, 177 F.2d 357 (CA 4); Frost-Arnett Co., v. Tobin, 264 F.2d 246 (CA 6).

Let Judgment in accordance with the foregoing Findings of Fact and Conclusions of Law be entered forthwith.

## JUDGMENT

On motion of the attorneys for the petitioner in accordance with the Findings of Fact and Conclusions of Law entered herein, and sufficient cause therefore appearing, respondents Compania de Servicios Electricos, S. A., and P. W. Baumgardner, individually and as President and Manager of Compania de Servicios Electricos, S. A., are hereby adjudged in civil contempt of this Court by reason of their failure to comply with the judgment of this Court entered on July 9, 1963, and are indebted to each of the persons enumerated in Findings of Fact No. 11 hereof in the total amount of $16,904.92, and are further indebted to the Secretary of Labor in the amount of $2500.00; and it is

Ordered, adjudged and decreed that in order to purge themselves of said contempt, the respondents pay a compensatory fine to the Secretary of Labor in the total amount of $19,404.92, less any amounts already paid by respondents and with respect to which satisfactory evidence may be presented to the Court, in payment of the unpaid wages, and as reimbursement of the reasonable costs incurred by said Secretary of Labor in the investigation, preparation and prosecution of this action; and it is further Ordered that the judgment entered by this Court on July 9, 1963, be amended and enlarged as follows:

1. By striking paragraph 1 of the judgment and substituting in lieu thereof of the following new paragraph:

"1. Defendants shall not, contrary to Section 6 of the Act, pay any of their employees who are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at a rate less than the minimum applicable under the Act."

2. By striking paragraph 2 of the judgment and substituting in lieu thereof the following new paragraph:

"2. Defendants shall not, contrary to Section 7 of the Act, employ any of their employees engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours, unless the employee receives compensation for his employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed."

3. By adding the following paragraph immediately following the third paragraph of the judgment:

"4. Defendants shall not, contrary to Sections 11(c) and 15(a) (5) of the Act, fail to make, keep, preserve, and have available in the Canal Zone, adequate and accurate records of their employees and of the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations of the Administrator issued pursuant to Section 11 (c) of the Act, and from time to time amended and found in 29 CFR 516."

It is further Ordered that no costs be taxed in this action.