W. J. USERY, Jr., Secretary of Labor, United States Department of Labor, Petitioner-Appellant,

v.

Arnold FISHER, Respondent-Appellee.

No. 76–1369.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 17, 1977.

Decided Oct. 31, 1977.

Jacob I. Karro, Washington, D. C. (William J. Kilberg, Sol. of Labor, Carin Ann Clauss, Associate Sol., Marcia A. Lurensky, Washington, D. C., and Tedrick A. Housh, Jr., Regional Sol., U. S. Dept. of Labor, Kansas City, Mo., on the brief), for petitioner-appellant.

No appearance for respondent-appellee.

Before SETH, PICKETT and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

The Secretary of Labor seeks reversal of an adverse decision suffered by him in a civil contempt proceeding. The action was brought to require obedience to a judgment issued under Section 17 of the Fair Labor Standards Act. 29 U.S.C. § 201, et seq.

The complaint in the original action charged violations of the Act's minimum wage and overtime compensation provisions. After extensive discovery and pretrial proceedings, the respondent, Arnold Fisher, withdrew his answer, admitted the allegations of the complaint, and agreed to the entry of judgment against him. The consent judgment, entered on December 6, 1974, enjoined him from further violations of the Act, and "restrained [him] from continuing to withhold the sum of $2,500 in unpaid minimum wages and overtime compensation due his employees." To make certain Fisher did not "continue to withhold" the sums already due his employees, the consent judgment provided that Fisher should pay the Secretary the amounts due his employees. The $2,500 was to be paid in monthly installments of $200 for 12 months, with a final installment of $100 due in the 13th month, such payments to be distributed by the Secretary to employees. The judgment further provided that in the event Fisher failed to meet any monthly installment, the balance then due would become immediately payable, in full, with interest.

Fisher made three monthly payments of $200 each, but failed to make any further payments. On December 11, 1975, the Secretary instituted civil contempt proceedings against Fisher based on Fisher's failure to obey, and comply with, the consent judgment. The Secretary asked that: (1) Fisher be held in civil contempt; (2) Fisher be compelled to pay the remaining $1,900 with interest; and (3) a compensatory fine be imposed against Fisher for the costs and expenses incurred by the Secretary in the contempt proceeding.

The trial court denied the Secretary's petition that Fisher be adjudged in civil contempt, reasoning that the consent judgment was in effect a "money judgment," and that, by virtue of 28 U.S.C. § 2007 and Article II, § 12 of the Colorado Constitution, the court had no authority to adjudicate Fisher in contempt of court for his failure to pay a money judgment. The trial court alternatively concluded that even if it did have "discretionary authority" to hold Fisher in contempt, it would not do so because the Secretary had not resorted to "discovery, execution, garnishment, etc. to enforce its money judgment." The Secretary appeals from the order denying his petition.

As indicated, the trial judge was of the view that the consent judgment was a money judgment. Being a money judgment, the trial court reasoned that, because of 28 U.S.C. § 2007 and Article II, § 12 of the Colorado Constitution, it had no authority to hold Fisher in contempt. 28 U.S.C. § 2007 provides as follows:

A person shall not be imprisoned for debt on a writ of execution or other process issued from a court of the United States in any State wherein imprisonment for debt has been abolished. All modifications, conditions, and restrictions upon such imprisonment provided by State law shall apply to any writ of execution or process issued from a court of the United States in accordance with the procedure applicable in such State.

Article II, § 12 of the Colorado Constitution provides as follows:

No person shall be imprisoned for debt, unless upon refusal to deliver up his estate for the benefit of his creditors in

such manner as shall be prescribed by law, or in cases of tort or where there is a strong presumption of fraud.

Both 28 U.S.C. § 2007 and Article II, § 12 of the Colorado Constitution make reference to "no imprisonment for debt." In the instant case, however, the Secretary did not ask that the sanction of imprisonment be invoked against Fisher. Nevertheless, the trial judge reasoned that should he adjudge Fisher to be in civil contempt, he would then have the power to punish Fisher by either fine or imprisonment; and that by virtue of the federal statute and the provision in the Colorado Constitution, he could not imprison Fisher. Therefore, the trial judge concluded that he could not hold Fisher in civil contempt. We are not in accord with such reasoning.

We need not here consider 28 U.S.C. § 2007 or Article II, § 12 of the Colorado Constitution, inasmuch as the trial court, in our view, erred in its initial premise that the consent judgment was a money judgment. On the contrary, the consent judgment was equitable in nature, and by its own terms simply enjoined Fisher from "continuing to withhold" the $2,500 due his employees. Supporting the view that a consent judgment of this nature is not a money judgment, the Fifth Circuit in *Wirtz v. Jones,* 340 F.2d 901, 904 (5th Cir. 1965), a fair labor standards case, spoke as follows:

> * * * the purpose of the injunction to restrain the withholding of wages due is not to collect a debt owed by an employer to his employee but to correct a continuing offense against the public interest. It is true that as a result, money may pass from the employer into the pocket of the employee, or, if he is not available, then into the coffers of the United States Treasury, but that enforced payment, which must be made even if the employee or his representatives or heirs no longer exist to claim it, is simply a part of a reasonable and effective means which Congress, after trial and error, found it necessary to adopt to bring about general compliance with the [compensation provisions of the Act].

In line with *Wirtz v. Jones, supra,* is *Fleming v. Warshawsky & Co.,* 123 F.2d 622 (7th Cir. 1941), where a defendant employer was restrained from future violation of the Fair Labor Standards Act. Incorporated into the judgment was a stipulation whereby the employer agreed to pay his employees sums due for past violations of the Act. The Seventh Circuit held that the portion of the judgment calling for the payment of money for past violations of the Act was not a "money judgment," and on the contrary was a judgment designed to ensure compliance with the Act.

It is our view therefore that the consent judgment in the instant case was purely equitable in nature, not a money judgment, and that the prohibitions against imprisonment for debt, referred to in 28 U.S.C. § 2007 and Article II, § 12 of the Colorado Constitution, are inapplicable. Should Fisher be held in civil contempt and imprisoned, it would not be imprisonment for a debt, but rather for his failure to comply with an order of court.

The Secretary in his petition asked that Fisher be adjudged in contempt for the latter's failure to comply with the provision of the consent judgment requiring that he be restrained from "continuing to withhold," the $2,500 due his employees. The only sanctions sought by the Secretary were that Fisher be ordered to pay the balance then due, i.e., $1,900, and that he be ordered to reimburse the Secretary for expenses incurred in instituting the contempt proceedings. The power of a court to adjudge the employer in contempt for his failure to comply with an earlier order of court, and to require the employer to pay the affected employees to purge the contempt, was recognized in *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 499 (1948). There the Supreme Court stated:

> We have no doubts concerning the power of the District Court to order respondents, in order to purge themselves of contempt, to pay the damages caused by their violations of the decree. We can lay to one side the question whether the Administrator, when suing to restrain vi-

olations of the Act, is entitled to a decree of restitution for unpaid wages. *Cf. Porter v. Warner Holding Co.,* 328 U.S. 395 [66 S.Ct. 1086, 90 L.Ed. 1332]. We are dealing here with the power of a court to grant the relief that is necessary to effect compliance with its decree. The measure of the court's power in civil contempt proceedings is determined by the requirements of full remedial relief. They may entail the doing of a variety of acts, such as the production of books. *Penfield Co. v. Securities & Exchange Commission, supra.* They may also require the payment of money as in the alimony cases. See *Gompers v. Bucks S. & R. Co.,* 221 U.S. 418, 442, 31 S.Ct. 492, 55 L.Ed. 797; *Oriel v. Russell,* 278 U.S. 358, 364–365 [49 S.Ct. 173, 73 L.Ed. 419.]

Following the reasoning of *Jacksonville Paper,* numerous circuit courts have held that district courts not only have the power but the duty to compel back pay orders in civil contempt proceedings. *See Hodgson v. A-1 Ambulance Service, Inc.,* 455 F.2d 372 (8th Cir. 1972); *Hodgson v. Hotard,* 436 F.2d 1110 (5th Cir. 1971); *Tobin v. LaDuke,* 190 F.2d 677 (9th Cir. 1951); *McComb v. Norris,* 177 F.2d 357 (4th Cir. 1949); and *Fleming v. Warshawsky & Co.,* 123 F.2d 622 (7th Cir. 1941).

The trial court's alternative holding that if it had discretionary authority to adjudge Fisher in contempt, it would not do so because the Secretary had not first resorted to execution or garnishment, is equally untenable. In *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 499 (1948) the Supreme Court commented that the granting of remedial relief in a contempt proceeding in a Fair Labor Standards case is "not wholly discretionary with the judge," and that the public rights which the contempt proceedings attempt to protect are an "important measure of the remedy."

In *Hodgson v. A-1 Ambulance Service, Inc., supra,* the Eighth Circuit held that it was the "duty" of the trial court, in furtherance of the public policy involved in the Fair Labor Standards Act, to make an order for payment of deficiencies in a contempt case arising out of a violation of an order entered under the Fair Labor Standards Act. In *Hodgson v. Hotard, supra,* the Fifth Circuit said it was "indisputable" that a civil contempt proceeding is the proper means for ensuring compliance with, and effecting the policies of, the Fair Labor Standards Act. And in *Fleming v. Warshawsky & Co., supra,* the Seventh Circuit, in addition to holding that a judgment incorporating therein a stipulation that the employer would pay his employees sums due them for past violations of the Act was not a money judgment to be enforced by execution, also stated that it was a judgment designed to ensure compliance with the Act and enforceable by contempt proceeding.

Based on the foregoing authority, we conclude the trial court erred in holding that the Secretary should resort to execution or garnishment, and denying the petition for contempt because the Secretary failed to so do.

The judgment is reversed and cause remanded for further proceedings consonant with the views herein expressed.