**Ray MARSHALL, Secretary of Labor, United States Department of Labor**

v.

**ELM HILL, INC. d/b/a Elm Hill Group House, Elm Hill, Inc. d/b/a Maplehill Comm., Elm Hill, Inc. d/b/a Morehaven Group Home, Elm Hill, Inc. d/b/a Mountain Road Group Home.**

Civ. A. No. 79–29.

United States District Court, D. Vermont.

May 16, 1979.

Kimberly Cheney, Montpelier, Vt., for defendant.

Robert A. Yetman, Sol. U.S. Dept. of Labor, Boston, Mass., for plaintiff.

## OPINION AND ORDER

COFFRIN, District Judge.

This is an action under § 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* to enjoin defendants from violating the provisions of § 15(a)(2) of the FLSA (relating to overtime wages) and § 15(a)(5) of the FLSA (relating to the defendants' recordkeeping practices). Defendants have answered and have demanded a jury trial. The plaintiff, the Secretary of Labor, has moved to strike defendants' jury trial demand. The court has reviewed the parties' memoranda of law and has considered the arguments raised in oral argument; for the reasons stated below, we grant the Secretary's motion to strike.

The seventh amendment guarantee of a jury trial does not apply to proceedings of an equitable nature. *United States v. Louisiana*, 339 U.S. 699, 706, 70 S.Ct. 914, 94 L.Ed. 1216 (1950). The question presented is whether this enforcement action is of an equitable nature even though an award of back wages is requested. The cases on this question have consistently characterized the award of back pay in a § 17 enforcement action as a component of the injunctive relief sought, rather than a distinct legal remedy.

In *Mitchell v. DeMario Jewelry*, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960), the Supreme Court ruled that an action under § 17 of the FLSA to restrain violations of § 15(a)(3) of the Act (relating to retaliatory discharges or retaliatory treatment of workers) was equitable in nature and that the district court had jurisdiction to award reimbursement of back pay within its equitable powers:

> When Congress entrusts to an equity court the enforcement of prohibitions contained in a regulatory enactment, it must be taken to have acted cognizant of the historic power of equity to provide complete relief in light of the statutory purposes.

361 U.S. at 291–92, 80 S.Ct. at 335. *Curtis v. Loether*, 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), involved the right to a jury trial under the 1968 Civil Rights Act. In that case the Supreme Court pointed out that an award of monetary relief was not necessarily a legal remedy within the meaning of the seventh amendment and approvingly cited *DeMario Jewelry* as an example of circumstances where the seventh amendment would not apply. Although in *Curtis* the Court in fact held that defendants in cases under § 812 of the 1968 Civil Rights Act did have the right to a jury trial, the Court distinguished both the statutory language there involved and the nature of the relief sought—actual and punitive damages—from situations where a back pay award is a "form of restitution" that is "an integral part of an equitable remedy." 415

U.S. at 197, 94 S.Ct. at 1010. The Court has since reaffirmed its characterization of back pay awards under § 17 as equitable in nature. *Albemarle Paper v. Moody*, 422 U.S. 405 at 415–18, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975).

The lower federal courts have often faced jury trial demands in cases arising under § 17 and, apparently with only one exception,[1] have found consistently that no seventh amendment right is involved. The Second Circuit has not decided this precise point, but in a case involving exactly the same provisions of the FLSA (§ 17 enforcement of § 15(a)(2) and (a)(5) violations), held that the district court had equitable jurisdiction to make back pay awards under § 17, and stated in dictum that it was "clear" that recovery of overtime compensation in equity would not "unconstitutionally deprive a defendant-employer of a jury trial." *McComb v. Frank Scerbo & Sons*, 177 F.2d 137, 139 (2d Cir. 1949).

District court cases in this circuit uniformly hold that no right to a jury trial attends a § 17 enforcement proceeding. *See Mitchell v. All-States Business Products Corp.*, 232 F.Supp. 624 (E.D.N.Y.1964) and *Walling v. Richmond Screw Anchor Co.*, 52 F.Supp. 670 (E.D.N.Y.1943), *aff'd on other grounds*, 154 F.2d 780 (2d Cir.), *cert. denied*, 328 U.S. 870, 66 S.Ct. 1383, 90 L.Ed. 1640 (1946).

The Second Circuit rule is consistent with the decisions of the other courts of appeals that have ruled on this question. In *Paradise Valley Investigation and Patrol Services, Inc. v. United States District Court*, 521 F.2d 1342, 1343 (9th Cir. 1975) the Ninth Circuit held that "a § 17 case is essentially a suit in equity and not an action at law within the meaning of the Seventh Amendment." *Wirtz v. Jones*, 340 F.2d 901, 904 (5th Cir. 1965) holds that a § 17 back pay award is a form of injunctive relief authorized by Congress "to correct a continuing offense against the public interest."

Defendant has given the court no reason to doubt that this consistent authority applies to the present case, nor, on independent reflection, have we discovered any such reason. Accordingly, the Secretary's motion to strike the defendants' demand for a jury trial is hereby granted.

SO ORDERED.

---

1. The courts have been "almost unanimous in holding that no right to a jury trial exists" in a § 17 enforcement proceeding. 5 Moore's Federal Practice ⁋ 38.27, at 214.1 (2d ed. 1971).

The sole exception appears to be *Wirtz v. Thompson Packers, Inc.*, 224 F.Supp. 960 (E.D. La.1963).