## PERRINE *v.* SLACK.

ERROR TO THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 549. Submitted October 13, 1896. — Decided November 30, 1896.

The controversy in this case being between the mother and the testamentary guardian of infant children, each claiming the right to their custody and care, the matter in dispute is of such a nature as to be incapable of being reduced to any pecuniary standard of value; and for this, and for the reasons given in *Chapman* v. *United States, ante,* 436, it is *held* that this court has no jurisdiction to review judgments of the Court of Appeals under such circumstances.

The court also declines to pass upon the question whether the action of the
Court of Appeals, after the writ of error had been granted, was or was
not improvident.

THE case is stated in the opinion. ·

*Mr. Jeremiah M. Wilson, Mr. Calderon Carlisle* and *Mr.
William G. Johnson* for plaintiffs in error.

*Mr. George E. Hamilton* and *Mr. A. S. Worthington* for
defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion · of the
court.

This proceeding involves a controversy as to the custody of
two children of tender years.   Mrs. Perrine is the sister of the
deceased father of the children and her co-plaintiff in error is
her husband.   She had the custody of the children under their
father's will.   Mrs. Slack, defendant in error, is their mother,
and filed a petition for a writ of *habeas corpus* in the Supreme
Court of the District of Columbia to obtain custody of them.
The writ was issued, and return made by plaintiffs in error,
which was demurred to, the demurrer overruled and the writ
discharged.   From this judgment Mrs. Slack appealed to the
Court of Appeals of the District of Columbia, which reversed
the judgment, and remanded the case, with directions to sus-
tain the demurrer to the return, and to proceed with the case
in conformity with the opinion of the court.   Thereupon a
writ of error, to operate as a supersedeas upon the filing of a
bond in the penal sum of ten thousand dollars, was allowed,
and the bond required was filed and approved.   After this, an
order was entered by the Court of Appeals, the Chief Justice
dissenting, as he had from the judgment, directing the judge
of the Supreme Court of the District, who had entered the
order discharging the writ, to place the children in the custody ·
of their mother, pending the prosecution of the writ of error,
upon her giving satisfactory security.   This order was entered
and complied with, and the children were taken from their

aunt, their testamentary guardian, and placed in their mother's custody.

The situation being thus, application was made to this court for the issue of a writ of supersedeas, or other proper writ, to the Court of Appeals, or to the judge of the Supreme Court of the District who had entered the order as directed by that court, to supersede, annul and set aside the proceedings taken after the writ of error to this court had been allowed and made a supersedeas. That application having been submitted, we found it necessary to request counsel to file briefs on the question of the jurisdiction of this court to entertain the writ, and this has been done.

We are of opinion that the writ of error will not lie. The controversy is between the mother and the testamentary guardian of the infant children, each claiming the right to their custody and care, and the matter in dispute is of such a nature as to be incapable of being reduced to any pecuniary standard of value. *Barry* v. *Mercein*, 5 How. 103.

For the reasons given, and on the authorities cited in *Chapman* v. *United States, ante,* 436, we hold that this court has no jurisdiction to review the judgments of the Court of Appeals under such circumstances, and, as the writ of error must be dismissed, we ought not to consider the question whether the action of the Court of Appeals, after the writ of error had been granted and the judgment of that court superseded, was improvident or not.

*Writ of error dismissed.*