MACKENZIE v. PEASE, Sheriff.

Ex parte MACKENZIE.

(Circuit Court of Appeals. Seventh Circuit.  May 15, 1906.)

No. 1,173.

1. COURTS—UNITED STATES SUPREME COURT—APPEAL FROM CIRCUIT COURT OF APPEALS—HABEAS CORPUS.

A judgment of the Circuit Court of Appeals, affirming one of the Circuit Court in a habeas corpus proceeding on appeal taken by the petitioner, is not appealable to the Supreme Court, even though an appeal might have been taken to that court direct from the Circuit Court, under Act March 3, 1891, c. 517, § 5, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549].

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 1017, 1018.]

2. SAME—ORDER. ALLOWING APPEAL—POWER TO SET ASIDE.
    A Circuit Court of Appeals has power during the term to vacate an
    order allowing an appeal inadvertently entered.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

On motion to vacate order allowing appeal.

John M. Duffy, for appellant.

Harris F. Williams and Edwin Bebb, for appellee.

Before GROSSCUP, BAKER and SEAMAN, Circuit Judges.

PER CURIAM. 1. On motion to vacate the appeal allowance, see, for want of jurisdiction of habeas corpus as the subject matter, Woey Ho v. United States, 191 U. S. 558, 24 Sup. Ct. 844, 48 L. Ed. 301;. and the following cases cited: Lau Ow Bew v. United States, 144 U. S. 47, 58, 12 Sup. Ct. 517, 36 L. Ed. 340; Cross v. Burke, 146 U. S. 82, 88, 13 Sup. Ct. 22, 36 L. Ed. 896; In re Lennon, 150 U. S. 393, 14 Sup. Ct. 123, 37 L. Ed. 1120; Perrine v. Slack, 164 U. S. 452, 17 Sup. Ct. 79, 41 L. Ed. 510; The Paquete Habana, 175 U. S. 677, 683, 20 Sup. Ct. 290, 44 L. Ed. 320.

2. For the right of the court to set aside an allowance improvidently entered, see Ex parte Roberts, 15 Wall. 384, 21 L. Ed. 131; Goddard v. Ordway, 101 U. S. 745, 25 L. Ed. 1040; Draper v. Davis, 102 U. S. 370, 26 L. Ed. 121; Keyser v. Farr, 105 U. S. 265, 26 L. Ed. 1025.

3. On the contention that right under the Constitution was involved, and hence appealable under Act March 3, 1891, c. 517, § 5, 26 Stat. 827 [U. S. Comp. St. 1901, p. 549], it is settled that, having elected to go to the Circuit Court of Appeals for a review of the judgment, the appellant must abide by the judgment of that court. Carey Mfg. Co. v. Acme Flexible Clasp Co., 187 U. S. 427, 428, 23 Sup. Ct. 211, 47 L. Ed. 244; Spreckles Sugar Refining Co. v. McClain, 192 U. S. 397, 404, 24 Sup. Ct. 376, 48 L. Ed. 496, and cases cited. And he cannot appeal under the provisions of section 6 in reference to cases in which the ruling of that court is not made final for want of the requisite amount involved.

The appeal under section 5 is from the Circuit Court direct, and the only appeal provided for from the Circuit Court of Appeals is under section 6, under the above limitation.