Orange Rice Milling Co., Plaintiff and Appellee, *v.* Angel Barasorda, Defendant and Appellant.

No. 4657.   Argued April 7, 1930.—Decided May 2, 1930.

*Henry G. Molina,* for plaintiff-appellee.   *O. B. Frazer,* for defendant-appellant.

Mr. Justice Wolf delivered the opinion of the court.

Where an allowance of an appeal is necessary, the lower court allows it and the appeal is perfected, the case is transferred to the higher tribunal and the lower court loses jurisdiction and has no power or right to dismiss the appeal; but until the appeal is perfected, the lower court during the term retains jurisdiction and in a proper case may dismiss the said appeal. *Ex parte Roberts,* 15 Wall. 384; *Goddard* v. *Ordway,* 101 U. S. 745; *Draper* v. *Davis,* 102 U. S. 370; *Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31; *Ex parte Mackenzie,* 146 Fed. 743; *Pérez Villamil* v. *Romano,* 19 P.R.R. 1051.

In *Goddard* v. *Ordway, supra,* it was the appellant who applied to the lower court for a dismissal and the court held, citing from *Ex parte Lange,* 18 Wall. 163, "that the general power of the court over its own judgments, orders, and decrees, in both civil and criminal cases, during the existence of the term at which they are first made, is undeniable." The court said that the allowance of an appeal was no different than other orders.

In *Aspen Mining & Smelting Co., supra,* there was a motion to dismiss and the court laid down the same principles and cited some of the foregoing cases.

In *Ex parte Roberts, supra,* the intimation of the court was that the lower court had "power to hear and ought to have heard and determined" the motion. The appeal before us was not perfected.

On the merits of the motion for a disallowance of the appeal. Only where the matter in controversy exceeds $5,000

is an appeal allowed to the Circuit Court of Appeals. The defendant, while necessarily conceding that the complaint was originally for $6,750 maintains that the amount was reduced by payments during the pendency of the case, and that the amount now involved is considerably less than $5,000.

This was a suit to recover the price of 1,000 bags of rice for which the defendant refused to pay. The rice was shipped to Porto Rico and the defendant refused to receive it, and it was deposited in the custody of the San Juan Mercantile Corporation. From the judgment and opinion of the court below, as well as from a previous order of that court, it appears that the rice was sold and realized the net sum of $3,294. It would also appear from the order of the court, certified up to us, that on the motion of the complainant, the said amount was turned over to it. Likewise the indications are that the rice was sold at the instance of the said complainant. The judgment of the court below was for the amount sued upon, less the amount received at the auction sale.

Under the recited circumstances the claim of the complaint was reduced to an amount less than $5,000 and no appeal lies. *Alabama Gold Life Insurance Co.* v. *Nichols*, 109 U. S. 232; 3 C. J. 401; 2 R.C.L. 36.

The case from the Supreme Court was one where the complainant remitted part of his claim, reducing the amount thereof to less than the jurisdictional amount. Although the object was to defeat the appeal of the defendant, and while the court below might have refused to allow the reduction, as the judgment was actually so reduced the upper court held itself without jurisdiction. See also *First National Bank of Omaha* v. *Redick*, 110 U. S. 224; *Simms* v. *Simms*, 175 U. S. 162, 169.

The opposition to the appeal should prevail and the order of April 2, 1930, allowing the appeal, be annulled.