HOLIDAY INNS OF AMERICA, INC.,
Plaintiff,

v.

HOLIDAY HOUSE, INCORPORATED,
Defendant.

Civ. A. No. 67–211.

United States District Court
W. D. Pennsylvania.

Feb. 13, 1968.

William H. Webb, Pittsburgh, Pa., and James L. Kurtz, Washington, D. C., for plaintiff.

David C. Baldus, Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

On May 29, 1967, plaintiff, a Tennessee corporation, filed the instant suit seeking a declaratory judgment that, by virtue of its registration of the trade name, trade mark, or service mark "Holiday Inn" on July 13, 1954, under the Lanham Act of July 5, 1946, 60 Stat. 427, 15 U.S.C. § 1051 et seq., plaintiff is entitled to nationwide use by federal law of its trade mark thus registered and hence in particular is entitled to authorize its licensee Apico Inns of Pittsburgh, Inc., to operate a motel under said trade name at Monroeville, within this District, near a Pennsylvania Turnpike entrance. On June 22, 1966, defendant, Holiday House, Inc., sued said licensee Apico in the Court of Common Pleas of Allegheny County, at Equity No. 3603 (which suit is now pending) seeking to enjoin said licensee from operation of said motel, by reason of its allegedly deceptive similarity to the name of defendant's motel in the Monroeville area, which opened for business on October 1, 1955.

■■ We begin with the truism that the views of Professor Edwin M. Borchard have prevailed over doubts voiced by Mr. Justice Louis D. Brandeis, and that declaratory judgment procedure, in appropriate instances involving a genuine case or controversy, is a useful procedural reform which should be utilized freely as a remedial measure where it may suitably be employed. Dumbauld, The Constitution of the United States, 333 (1964); Simmonds Aerocessories, Limited v. Elastic Stop Nut Corp., 257 F.2d 485, 489 (C.A. 3, 1958). However, availability of this remedy is discretionary, not automatic or mandatory. Brill-

hart v. Excess Ins. Co., 316 U.S. 491, 495; 62 S.Ct. 1173, 86 L.Ed. 1620 (1942);[1] Public Affairs Press v. Rickover, 369 U.S. 111, 112, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962).

■ As a factor bearing on the exercise of discretion in the case at bar, we direct attention first to the impropriety of declaratory relief in a situation where a comprehensive statutory scheme has been established, and a particular pattern of judicial remedy has been prescribed. For example, Congress has entrusted primary jurisdiction over labor disputes to the appropriate administrative agency (the NLRB) with judicial review in the respective Courts of Appeals rather than in District Courts. In such a matter therefore declaratory relief in the District Court should be withheld. Bliss v. Shore, W.D.Pa., decided February 6, 1968, 279 F.Supp. 646; Foti v. Immigration and Naturalization Service, 375 U.S. 217, 225, 84 S.Ct. 306, 11 L.Ed.2d 281 (1962); Fleischmann Distilling Corp. v. Maier Brewing Co., 386 U.S. 714, 720, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967).

■ Defendant persuasively contends that the last named case is a holding that the trademark act establishes such a comprehensive statutory scheme, which should not be disrupted by extraneous procedures except in a clear case (such as Simmonds, supra) where declaratory relief is required in the interest of justice.

■ A second factor relevant to exercise of discretion is the fact that trade marks, though intangible and not chattels, constitute genuine and substantial property rights akin to a res, and that the issues involved in the instant case are practically identical with those in the State suit. The mutual forbearance prescribed in cases such as Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 83 L.Ed. 285 (1939), should therefore be practiced

---

1. We note that *Brillhart* was cited with approval by the Supreme Court in a recent case, decided January 29, 1968, Prov-
 ident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936.

and the jurisdiction of the court first on the scene to deal with the *res* should be respected.

A third similar factor is the public interest in the efficient administration of justice without friction or duplication of effort. It is unseemly to encourage a race of diligence between federal and State courts, like Olympic Games competitors, striving to see which one can first overcome the procedural hurdles set before it and cross the finish line into the end zone of *res judicata*.

■ Moreover, the State court can be depended upon to give appropriate recognition to the federally created rights of the parties. Atlantic Freight Lines v. Pa. P. U. C., 109 F.Supp. 385, 387 (W. D.Pa.1952).[2] Certainly in a prosaic matter of commercial rivalry, giving no occasion to revive the emotional animosities which becloud certain *sequelae* of the War of 1861–65 and make suspect the actions of State tribunals on certain issues in certain parts of the nation [See, e. g., Dombrowski v. Pfister, 380 U.S. 479, 487, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), this Tennessee defendant can certainly expect to receive even-handed justice from the Pennsylvania courts. In fact, it won a similar case a few years ago, when it had not yet advanced so far as it now has in consummating its "ambition to establish by license and uniform regulations a national string of motels". Zimmerman v. B. & C. Motel Corp., 401 Pa. 278, 280, 163 A.2d 884, 885 (1960).

■ It may seem plain to us upon superficial examination that plaintiff's right to exploit its trade mark is clear and that there is no deceptive similarity between plaintiff's and defendant's names; yet upon full ventilation of all the facts at trial and detailed proof of the nature and dates of events the Court of Common Pleas might rightly find otherwise. It is therefore prudent to

await the orderly outcome of the pending litigation in the State court.

Accordingly, in the exercise of discretion in the light of the foregoing factors, we conclude that the instant case is not one appropriate for declaratory judgment in this Court, and that plaintiff's motion for summary judgment should be denied and the case dismissed.

---

2. That plaintiff's federally granted rights in this case were clear was demonstrated by the subsequent decision of the Supreme Court in Service Storage & Transfer Co. v. Com. of Virginia, 359 U.S. 171, 175–177, 79 S.Ct. 714, 3 L.Ed.2d 717 (1959).