**Marion BLANK, Plaintiff,**

v.

**Philip BLANK, Defendant.**

**Civ. A. No. 70–1366.**

United States District Court,
W. D. Pennsylvania.

Jan. 7, 1971.

Allen N. Brunwasser, Pittsburgh, Pa., for plaintiff.

Abraham Gratz, Pittsburgh, Pa., for defendant.

OPINION

DUMBAULD, District Judge.

On September 25, 1969, in the Court of Common Pleas of Allegheny County, Mrs. Marion Blank brought suit for divorce *a mensa et thoro* under 23 P.S. §

## 1390

11 against her husband, Dr. Philip Blank. At that time both parties were residents of Pittsburgh, and personal service was made upon defendant.

On December 6, 1969, the complaint was amended by adding allegations of adultery. Subsequently other proceedings were had, including appointment of a master, and an order of February 17, 1970, requiring defendant to pay $400 for counsel fees and $70 per week for support, in accordance with 23 P.S. §§ 46 and 47.

On December 2, 1970, defendant filed petition for removal of the case to this Court under 28 U.S.C. §§ 1441 and 1446. Argument has been had as to whether the case is properly removable or should be remanded under 28 U.S.C. § 1447.

Various challenges are made by defendant to the constitutionality of the Pennsylvania divorce law. The principal contention is that there is denial of equal protection in that husbands and wives are not treated equally in that the husband is subjected to the duty of paying alimony and counsel fees whereas no such obligation is placed upon female defendants in divorce cases. We cannot say that these allegations are frivolous, or at least that they are more frivolous than many allegations which are favorably received in some courts in these days of "womens' lib," "racist pigs" and the like. But in any event it is open to defendant to assert these constitutional claims in the State court, which will presumably give due recognition to federal constitutional requirements. Holiday Inns of America, Inc. v. Holiday House, Inc., 279 F.Supp. 648, 650 (W.D.Pa. 1968); Dumbauld, "Judicial Interference with Litigation in Other Courts," 74 Dickinson L.Rev. (No. 3, Spring, 1970) 369, 388; McGowan, The Organization of Judicial Power in the United States (1969) 61.

■ Such claims form no basis for the removal procedure prescribed by 28 U.S.C. § 1441 et seq. The terms and provisions of the removal statute itself must be pursued and observed in order to invoke whatever benefits may be supposed to flow from utilization of federal courts in a case which is removable under those provisions.

28 U.S.C. § 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

■ Accordingly, an indispensable condition for removability is that the action could have originally been brought in a United States District Court. Robertson Motor Freight, Inc. v. Brady Motorfrate, Inc., 287 F.Supp. 449, 451 (W.D.Pa.1968).

Could Mrs. Blank have instituted in this Court her divorce suit against her husband on September 25, 1969?

Obviously not, since the removal petition discloses that on that date both parties were citizens of Pennsylvania, and the diversity of citizenship required by 28 U.S.C. § 1332 was lacking.[1]

■ Moreover, federal courts do not handle domestic relations cases. The law is well settled that the regulation of personal status is a matter for the States.[2] Indeed, the Thirteenth Amend-

---

1. There is also doubt whether the $10,000 requirement imposed by that section was met. Obviously when the suit was filed there was no determination as to the amount of alimony and counsel fees to be paid by defendant, and even now it would seem to total less than $10,000.

2. The federal courts "will not exercise jurisdiction where a determination of status is involved." Allan D. Vestal and David L. Foster, "Implied Limitations on the Diversity Jurisdiction of Federal Courts," 41 Minn.L.Rev. (No. 1, December, 1956), 1, 28. There would be a possible exception in the case of status directly conferred by federal law itself such as the status of being a soldier (hence subject to military law) or a veteran (hence entitled to benefits).

ment was necessary to ensure the elimination of slavery throughout the nation, because slavery, as a matter involving personal status, was governed by State law and had been sanctioned by the laws of the Southern States. The Emancipation Proclamation itself rested solely upon the War Powers of the federal government and hence would have no continuing legal effect after the establishment of peace. Negrich v. Hohn, 246 F.Supp. 173, 181 (W.D.Pa.1965).

Repeated declarations by the Supreme Court of the United States have made unquestionably clear the proposition that divorce cases are not a proper subject matter for determination in federal courts.

In Barber v. Barber, 21 How. 582, 16 L.Ed. 226 (1858) the Supreme Court said:

> We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery or as an incident to divorce *a vinculo*, or to one from bed and board.

In Simms v. Simms, 175 U.S. 162, 167, 20 S.Ct. 58, 60, 44 L.Ed. 115 (1899), the learned Mr. Justice Horace Gray, after quoting the above statement by Mr. Justice Wayne in the *Barber* case, went on to affirm that:

> It may therefore be assumed as indubitable that the circuit courts of the United States have no jurisdiction, either of suits for divorce, or of claims for alimony, whether made in a suit for divorce, or by an original proceeding in equity, before a decree for such alimony in a state court. Within the

states of the Union, the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the State, and not to the laws of the United States. In re Burrus, 136 U.S. 586, 593, 594 [10 S.Ct. 850, 34 L.Ed. 500].[3]

The principle was reiterated in De la Rama v. De la Rama, 201 U.S. 303, 307, 26 S.Ct. 485, 486, 50 L.Ed. 765 (1906), where Mr. Justice Brown stated:

> It has been a long-established rule that the courts of the United States have no jurisdiction upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery, or an incident of a divorce or separation, both by reason of the fact that the husband and wife cannot usually be citizens of different states so long as the marriage relation continues (a rule which has been somewhat relaxed in recent cases) and for the further reason that a suit for divorce in itself involves no pecuniary value. Barber v. Barber, 21 How. 582 [16 L.Ed. 226], and the analogous cases of Kurtz v. Moffitt, 115 U.S. 487 [6 S.Ct. 148, 29 L.Ed. 458]; Durham v. Seymour, 161 U.S. 235 [16 S.Ct. 452, 40 L.Ed. 682]; and Perrine v. Slack, 164 U.S. 452 [17 S. Ct. 79, 41 L.Ed. 510].

It may be objected that these declarations are merely *dicta*, not necessary to the decision of the cases in which they were made. However, they represent the long-standing common understanding of the profession, solemnly declared.[4] The maxim *Communis error facit jus* might be apposite, if necessary, in order to corroborate the doctrine. In any event the Supreme Court, and not this

---

3. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States. As to the right to the control and possession of this child, as it is contested by its father and its grandfather, it is one in regard to which neither the congress of the United States, nor any authority of the United States has any special jurisdiction. Whether the one or

the other is entitled to the possession does not depend upon any act of congress, or any treaty of the United States or its Constitution." In re Burrus, 136 U.S. 586, 593–594, 10 S.Ct. 850, 853, 34 L.Ed. 500 (1890).

4. The common understanding is shared by the Court of Appeals of this Circuit. Albanese v. Richter, 161 F.2d 688, 689 (C.C.A. 3, 1947).

Court, should reject them if it be thought desirable to stretch the literal terms of the diversity clause to their maximum extent.[5]

Mr. Justice Holmes, however, relied on this settled principle as a reason for *narrowing* (rather than expanding) the scope of another constitutional provision.[6] In State of Ohio ex rel. Popovici v. Agler, 280 U.S. 379, 383–384, 50 S.Ct. 154, 155, 74 L.Ed. 489 (1930) the question was whether Ohio courts could grant a divorce to the wife of a Roumanian vice-consul, notwithstanding statutory language giving federal courts "exclusive" jurisdiction of "all suits against consuls and vice consuls."

These provisions were restrictively interpreted by the Supreme Court, so as to give effect to the common understanding of the profession that divorce and personal status are matters for the States, not for federal courts.

In the words of Holmes:

The language so far as it affects the present case is pretty sweeping but like all language it has to be interpreted in the light of the tacit assumptions upon which it is reasonable to suppose that the language was used. It has been understood that, "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States," Ex parte Burrus, 136 U.S. 586, 593, 594 [10 S.Ct. 850, 853, 34 L. Ed. 500] and the jurisdiction of the Courts of the United States over divorces and alimony always has been denied. Barber v. Barber, 21 How. 582 [16 L.Ed. 226]. Simms v. Simms, 175 U.S. 162, 167 [20 S.Ct. 58, 44 L.Ed. 115]; De la Rama v. De la Rama, 201 U.S. 303, 307 [26 S.Ct. 485, 50 L.Ed. 765]. A suit for divorce between the present parties brought in the District Court of the United States was dismissed. Popovici v. Popovici, [D.C.] 30 F.(2d) 185.

The words quoted from the Constitution do not of themselves and without more exclude the jurisdiction of the State. Plaquemines Tropical Fruit Co. v. Henderson, 170 U.S. 511 [18 S. Ct. 685, 42 L.Ed. 1126]. The statutes do not purport to exclude the State Courts from jurisdiction except where they grant it to Courts of the United States. Therefore they do not affect the present case if it be true as has been unquestioned for three-quarters of a century that the Courts of the United States have no jurisdiction over divorce. If when the Constitution was adopted the common understanding was that the domestic relations of husband and wife and parent and child were matters reserved to the States, there is no difficulty in construing the instrument accordingly and not much in dealing with the statutes. 'Suits against consuls and vice-consuls" must be taken to refer to ordinary civil proceedings and not to include what formerly would have belonged to the ecclesiastical Courts.

\* \* \* \* \* \*

In the absence of any prohibition in the Constitution or laws of the United States it is for the State to decide how far it will go.

■ Accordingly, upon two grounds, removal of this cause is precluded by the terms of 28 U.S.C. § 1441(a).

Moreover, the requirements of 28 U. S.C. § 1446 have not been complied with so as to accomplish an effective removal of the cause.

---

5. As observed by Judge Van Dusen in Miller v. Anckaitis, 115 F.2d 436 (C.A. 3, 1970), if Supreme Court cases "are to be overruled, I believe the Supreme Court of the United States should take such action."

6. Art. III, sec. 2, which provides that "The judicial Power shall extend \* \* \* to all Cases affecting \* \* \* Consuls."

In pursuance of this constitutional provision, Congress had given District Courts original jurisdiction of "all suits against consuls and vice consuls:" and had provided that "the jurisdiction [thus] vested in the courts of the United States \* \* \* shall be exclusive of the courts of the several States." See 280 U.S. at 382–383, 50 S.Ct. at 154.

28 U.S.C. § 1446(b) provides that:

(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

It is obvious that more than thirty days elapsed between September 25, 1969, and December 6, 1969. The time for removal had expired before defendant's petition was filed.[7]

For the foregoing reasons it seems clear that this cause must be remanded to the courts of the Commonwealth of Pennsylvania.

---

7. It likewise seems probable that defendant did not comply fully with 28 U.S.C. § 1446(a) by filing with his petition "a copy of *all* process, pleadings and orders served upon him" in such action. [Italics supplied]