**Thomas Wayne MILLIGAN, Appellant,**

v.

**Laurie Ann MILLIGAN, Appellee.**

No. 73–1382.

United States Court of Appeals, Eighth Circuit.

Submitted July 26, 1973.

Decided July 26, 1973.

Paul A. Kyyhkynen, Minneapolis, Minn., for appellee.

Before HEANEY, BRIGHT and ROSS, Circuit Judges.

PER CURIAM.

Thomas W. Milligan was a defendant in a divorce action brought by Laurie Ann Milligan in the Minnesota courts. Mr. Milligan attempted to remove the action to federal court, but after a hearing, the action was remanded to state court. Mr. Milligan appealed to this Court and Mrs. Milligan has filed a motion for summary affirmance of the order of remand pursuant to Rule 8 of the Rules of this Court.[1] We grant the motion.

On March 16, 1973, a hearing was held in state court on a motion for temporary relief. Mr. Milligan was ordered to pay temporary child support and attorney's fees. He was ordered to move from the couple's home and to give up, temporarily, possession of the family auto. Mrs. Milligan was awarded temporary custody of the children.

On April 12, 1973, Mr. Milligan filed a petition for removal of the action to federal court. The substance of the petition was that the prior state court order was the product of unlawful sex dis-

crimination since both parties stood on an equal footing in all respects, including employment experience, income earned, and ability to care for the children. A hearing was held and the district court found that the action was not subject to removal. The court then ordered the action remanded to state court.

■■■ In granting the pending motion, we make the following comments:

a. Removal cannot be maintained in this case under 28 U.S.C. § 1441(a) since the citizenship of the parties is not diverse. Blank v. Blank, 320 F.Supp. 1389, 1390 (W.D.Pa.1971).

b. Removal cannot be maintained in this action under 28 U.S.C. § 1441(b) since divorce actions do not engender a federal question, Blank v. Blank, *supra*, at 1390–1391 & n. 3, and, removal·cannot be maintained where the defendant sets up a federal law as a defense to a nonfederal claim. C. WRIGHT, LAW OF FEDERAL COURTS § 38 at 131 (1971).

c. Normally orders of remand are not reviewable on appeal, except in civil rights cases. LAW OF FEDERAL COURTS, supra, § 41 at 147. 28 U.S.C. § 1447(d).

d. Removal cannot be maintained in this case under 28 U.S.C. § 1443 because removal must be predicated upon a specific right under a law in terms of racial equality. Commonwealth of Pennsylvania ex rel Gittman v. Gittman, 451 F.2d 155, 156 & n. 3 (3d Cir. 1971).

For the foregoing reasons the motion for summary affirmance is hereby granted.

---

1. Although the motion is denominated a motion pursuant to Rule 9 of the Rules of this Court, we think it proper to consider the motion as one in the nature of a Rule 8 motion.