J. D. ESTILETTE

v.

Ann Olivier ESTILETTE.

Civ. A. No. 750942.

United States District Court,
W. D. Louisiana,
Lafayette Division.

Oct. 8, 1975.

James T. Guglielmo, Opelousas, La., for plaintiff.

J. Minos Simon, Lafayette, La., for defendant.

## RULING

NAUMAN S. SCOTT, District Judge.

This matter was originally brought by the defendant herein, Ann Olivier Estilette, as a suit for separation in the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana. The petitioner, J. D. Estilette, subsequently removed the matter to this court, invoking the provisions of 28 U.S.C. § 1441 *et seq.* We now have before us a motion to remand the matter to the State court.

Petitioner asserts that Louisiana courts follow a policy of favoring the mother over the father in child custody cases, simply because of their sex. This policy, he alleges, is an invidious discrimination based on sex alone, with no rational sociologic or biologic basis, thereby violating his Fourteenth Amendment right to equal protection of the laws. He seeks removal alleging that the Louisiana courts will follow this policy and deny him the chance to assert his Federal constitutional right.

28 U.S.C. § 1441 is the general removal statute.[1] Generally, it provides that a

1. (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

(b) Any civil action of which the district courts have original jurisdiction founded on

civil matter instituted in a State court may be removed to a United States District Court if the action could originally have been brought in the Federal court or if the action is one of which the Federal court has original jurisdiction founded on a question of Federal law. 28 U.S.C. § 1443 allows removal if petitioner alleges a right based on a law guaranteeing equal civil rights which cannot be enforced by him in a State court.[2]

In *Milligan v. Milligan*, 484 F.2d 446 (8th Cir. 1973), the Eighth Circuit had before it a case remarkably similar to the instant case. A divorce action had been brought by the wife in the Minnesota State courts and the husband sought removal claiming unlawful sex discrimination evidenced in the Minnesota policy favoring mothers over fathers in child custody and child support questions. The district court remanded the case to the State court and the Eighth Circuit affirmed the remand order. In affirming, the Court of Appeals noted that removal could not be sustained under any of the provisions of the removal statutes. 28 U.S.C. § 1441(a) could not be invoked because there was no diversity of citizenship between the parties, and thus the matter could not have been brought originally in the Federal court, citing with approval, *Blank v. Blank*, 320 F. Supp. 1389 (W.D.Pa.1971). 28 U.S.C. § 1441(b) would not sustain removal because divorce actions do not engender a Federal question; again, citing with approval, *Blank v. Blank, supra.* 28 U.S.C. § 1443 could not sustain removal because that statute requires that removal be predicated upon a specific right under a law framed in terms of racial equality which petitioner cannot enforce in the State courts, citing with approval *Gittman, v. Gittman*, 451 F.2d 155 (3rd Cir. 1971).

Thus, a reading of these authorities reveals that there is no basis for sustaining removal of this type of action to the Federal courts. The case could not originally have been instituted in the Federal courts, divorce actions are matters left entirely to the States and do not raise Federal questions, and there is and can be no assertion of a right under a law framed in terms of racial equality. None of the statutory requirements found in 28 U.S.C. § 1441, 1443 are present.

Furthermore, petitioner has not been aggrieved by any denial of equal protection. When a hearing is held in the State court, petitioner may assert his constitutional argument there. The State court has the full power to consider and adjudicate that claim and petitioner has the right to appeal any adverse judgment.

Petitioner has argued that he is entitled to a stay in the event that the Court grants the motion to remand in order that he may appeal. We disagree. The order is not appealable and no application for a stay order will be granted.

---

a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

2. Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

1080

Considering the foregoing, it is ordered that the motion to remand this matter to the State court is hereby granted, and further ordered that this matter be and it is hereby remanded to the Fifteenth Judicial District Court, Parish of Lafayette, State of Louisiana, for further proceedings.