Lucille Dorothy PELTIER et al.,
Plaintiffs, Appellees,

v.

Robert Ernest PELTIER et al.,
Defendants, Appellants.

No. 76–1478.

United States Court of Appeals,
First Circuit.

Submitted Jan. 6, 1977.

Decided Feb. 9, 1977.

Aram K. Berberian, Cranston, R. I., on brief for appellants.

Michael F. Horan, Pawtucket, R. I., on brief for Lucille Dorothy Peltier, appellee.

Before COFFIN, Chief Judge, CAMP-BELL, Circuit Judge, BOWNES, District Judge.[*]

PER CURIAM.

This appeal derives from attempts by several parties to remove divorce actions from the state to federal court. Appellants—all of whom are represented by the same attorney, who has unsuccessfully attempted the same course before [1]—undertook to remove the divorce actions in which they were involved from the Rhode Island Family Court to the United States District Court for the District of Rhode Island; that court ruled that the cited removal statute, 28 U.S.C. § 1443,[2] did not give it jurisdiction over this

---

[*] Of the District of New Hampshire sitting by designation.

1. *See, e. g., Champion v. Champion,* 539 F.2d 702 (1st Cir. 1976) (an appeal which we characterized as "frivolous"); *Tetreault v. Tetreault,* C.A. 75–0226 (D.R.I.), appeal dismissed on ap-

pellant's motion, No. 75–1326 (1st Cir. Sept. 12, 1975).

2. Appellant contends, in essence, that the Rhode Island Family Court discriminates against males in divorce actions and that § 1443 should be read as permitting removal in cases involv-

type of action, and the cases were remanded to the state court. This appeal followed. *See* 28 U.S.C. § 1447(d).

■ The only conceivably relevant portion of § 1443 is § 1443(1), which provides for removal by a person "who is denied or cannot enforce in the courts of [a] State a right under any law providing for the equal civil rights of citizens of the United States . . . ." The Supreme Court has construed this statutory language as being limited to "any law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790, 16 L.Ed.2d 925 (1966). *See Johnson v. Mississippi*, 421 U.S. 213, 219–20, 95 S.Ct. 1591, 44 L.Ed.2d 121 (1975); *Milligan v. Milligan*, 484 F.2d 446, 447 (8th Cir. 1973); *Pennsylvania ex rel. Gittman v. Gittman*, 451 F.2d 155, 156–57 (3d Cir. 1971). Given this authoritative and binding construction, it is plain that the district court, as it ruled, was without jurisdiction under § 1443.

■ Appellants also challenge the propriety of the district court's award of attorneys' fees in appellees' favor. Although the awarding of attorneys' fees is not usual, *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 257–59, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Diaz Gonzalez v. Colon Gonzalez*, 536 F.2d 453, 458 n.17 (1st Cir. 1976), they may be awarded in those instances where a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *F. D. Rich Co. v. Industrial Lumber Co.*, 417 U.S. 116, 129, 94 S.Ct. 2157, 2165, 40 L.Ed.2d 703 (1974). *See Newman v. Piggie Park Enterprise, Inc.*, 390 U.S. 400, 402 n.4, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968); *Cordeco Development Corp. v. Santiago Vasquez*, 539 F.2d 256, 262–63 & nn. 10–12 (1st Cir.), *cert. denied*, —— U.S. ——, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976). The district court indicated full awareness that attorneys' fees should be awarded under the bad faith exception "only in extraordinary circumstances and for dominating reasons of justice." *Cordeco Development Corp. v. Santiago Vasquez, supra* at 263 (citations omitted). The court stated that a precondition to such an award is the finding of an "intentional institution of an action which one knows to be fictitious and wholly without merit and which is done for the specific purpose of frustrating and harassing lawfully instituted legal procedures." [3] Applying this strict standard, the court concluded that it should nonetheless impose attorneys' fees because of the bad faith of appellants' attorney. The court stated that "[t]he inescapable conclusion is that Mr. Berberian [the attorney] knew the removals were frivolous and that he instituted them for oppressive reasons" and that "frivolous and groundless petitions for removal were employed by Mr. Berberian in bad faith with the intent to delay and frustrate the Family Court's jurisdiction."

■ We have carefully reviewed the entire record with particular view to the adequacy of the finding of bad faith,[4] and we

---

ing such alleged discrimination. He argues that recent Supreme Court decisions, such as *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973), militate in favor of applying § 1443 to cases of sexual as well as of racial discrimination.

Appellant has not asserted—nor do we know of—any other statute which is properly available for removal of a divorce action. *See Milligan v. Milligan*, 484 F.2d 446 (8th Cir. 1973). *Cf. Armstrong v. Armstrong*, 508 F.2d 348 (1st Cir. 1974); H. Hart & H. Wechsler, The Federal Courts and The Federal System, 1189–92 (2d ed. 1973).

3. The district court quite properly noted the distinction between conduct cognizable under the bad faith exception and "tenacious and persistent litigation of unsettled and novel issues." *See In re Bithoney*, 486 F.2d 319, 322 (1st Cir. 1973).

4. Among the reasons cited by the district court for its finding of bad faith was the lack of "even a modicum of supportive logic" for the proposition that § 1443 would authorize removal. The court concluded "that Mr. Berberian knew the removals were frivolous and that he instituted them for oppressive reasons." The court obviously agreed with the suggestion of the moving spouses that the only purpose of the removals was "to frustrate the Family Court proceedings and hinder the movants in their attempt to acquire relief [viz. temporary support]."

are persuaded that the court did not abuse its discretion in making this determination and in awarding attorneys' fees.

*Affirmed. Double costs on appeal to appellees.*