**UNITED STATES ex rel. William Lowell SULLIVAN, Petitioner,**

v.

**STATE of Missouri, Respondent.**

No. 78–1764.

United States Court of Appeals, Eighth Circuit.

Nov. 22, 1978.

Before HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

William Lowell Sullivan petitioned the United States District Court for the Eastern District of Missouri to remove his pending state criminal prosecution to federal court pursuant to 28 U.S.C. § 1443. The District Court dismissed the petition. Sullivan has appealed to this Court and has moved that counsel be appointed to assist him in his appeal.

Sullivan has been charged in state court with assault with intent to kill. He alleges numerous violations of his constitutional and statutory rights in the courts of the state proceedings. Among the allegations are that he was illegally stopped and searched without probable cause, that he was assaulted by police officers at the time of his arrest, that he did not receive a prompt hearing following his warrantless arrest but was held "incommunicado" for sixty-seven hours, that he has been held under a defective indictment, that blacks were systematically excluded from the grand jury by which he was indicted, that he has been denied a speedy trial, and that he has been denied his right to counsel because his court-appointed counsel have been incompetent. He alleges that his court-appointed counsel have refused to assist him in filing pretrial motions to redress these grievances and further alleges that the state courts have refused to consider his pro se pretrial motions.

It is clear that the requirements for removal pursuant to 28 U.S.C. § 1443 are not satisfied. Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights. *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966); *Milligan v. Milligan*, 484 F.2d 446 (8th Cir. 1973). Further, removal is warranted only where it can be clearly predicted by reference to some formal expression of state law that the petitioner cannot enforce his rights in the state courts. *Georgia v. Rachel, supra* at 803–804, 86 S.Ct. 1783.

It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, * * * or that the defendant is unable to obtain a fair trial in a particular state court. * * * Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Greenwood v. Peacock*, 384 U.S. 808, 827–828, 86 S.Ct. 1800, 1812, 16 L.Ed.2d 944 (1966) (emphasis included).

There is nothing in Missouri law which will preclude the redress of Sullivan's claims if meritorious. We are confident that Sullivan's constitutional claims will receive careful consideration in the state courts and that competent counsel, in accord with the standards this Court has established, will be appointed to represent Sullivan to assure that his claims are properly raised. *See United States v. Easter*, 539 F.2d 663 (8th Cir. 1976). Should any meritorious claims fail to be redressed in the state courts, there are a variety of other remedies in federal court available to the petitioner. *See Greenwood v. Peacock, supra* at 829–830, 86 S.Ct. 1800.

Because the removal petition is without merit, we decline to appoint counsel and affirm the District Court. Assuming that removal of the case was properly effected in accord with the requirements of 28 U.S.C. § 1446(e), the District Court is directed to enter an order remanding the case to the state court. *See* 28 U.S.C. § 1447(c).