**Durl F. ANDERSON, Plaintiff,**

v.

**STATE OF NEBRASKA; Charles Thone, Governor; Paul L. Douglas, Attorney General; Joseph Martin, Judge; Mary E. Anderson, Wife; Vincent Dowding, Attorney; Thomas A. Wagoner, Attorney; John Wolf, Attorney; et al., Defendants.**

**Civ. No. 81–0–399.**

United States District Court,
D. Nebraska.

Sept. 9, 1981.

Durl F. Anderson, pro se.

Bernard Packett, Asst. Atty. Gen., Lincoln, Neb., for defendant State of Neb.

Denzel R. Busick, Grand Island, Neb., for defendants Dowding and Anderson.

David A. Bush, Grand Island, Neb., for defendant John Wolf.

John A. Wagoner, Grand Island, Neb., for defendant Thomas Wagoner.

## MEMORANDUM

SCHATZ, District Judge.

This matter comes before the Court upon the separate motions of various defendants to remand this case to the District Court of Hall County, Nebraska [Filing Nos. 6, 14, and 18] and to tax costs [Filing Nos. 8, 16 and 19] against the plaintiff.

The facts of the case are simple. It seems that a divorce action was filed by one of the above-named defendants, Mary E. Anderson, against the above-named plaintiff, Durl Anderson, in Nebraska District Court.[1] Mr. Anderson appears to be dissatisfied with the progress of the dissolution proceedings in that state court. His pro se pleadings indicate that he is attempting to remove the state action to this Court [Filing No. 1] because the state court and its officers have "denied his equal protection of law and due process of law", etc.

Included as defendants in this action are the presiding state court judge (Joseph Martin), Governor Charles Thone, Nebraska Attorney General Paul Douglas, Mary E. Anderson, a number of the attorneys involved in the state court action, and others yet unnamed.

This Court has examined the pleadings and finds that plaintiff's attempt to remove the state court proceeding to this court must fail for a number of reasons.

■ A reading of the removal statutes clearly supports the general proposition that dissolution of marriage proceedings are not removable to federal court. 28 U.S.C. § 1441(a) states that, in order for the state

---

1. Mr. Anderson, defendant in the Hall County divorce action, is plaintiff in the instant action. Mrs. Anderson, plaintiff in the Hall County divorce action, is one of the defendants in the instant action.

action to be removable, it must have been originally cognizable in the Federal District Court. Domestic relations actions are purely state matters. *See C. A. Wright, Law of Federal Courts* § 25 at 98 (3d ed. 1976); *see also Solomon v. Solomon,* 516 F.2d 1018, 1024–25 (3d Cir. 1975).

The case of *Blank v. Blank,* 320 F.Supp. 1389 (W.D.Pa.1971) dealt with an attempt to remove a state divorce action to federal court. No diversity of citizenship was present. The *Blank* court said, quite plainly, that "federal courts do not handle domestic relations cases. The law is well settled that the regulation of personal status is a matter for the States." *Blank v. Blank, supra,* 320 F.Supp. at 1390. Thus, this Court is without jurisdiction.

■ Even if it is assumed, for the sake of argument, that this Court would have been able to originally hear the case, the attempted removal would nonetheless fail. 28 U.S.C. § 1446(b) requires that the removal petition must be filed with the federal court within 30 days of the service of the original complaint. On the face of plaintiff's various "pleadings" it is evident that far more than 30 days elapsed between the service of the divorce summons and the petition for removal.

■ Another reason supporting the remand of this action is that the bond requirements of 28 U.S.C. § 1446(d) have not been met. Examination of the record discloses no attempt by plaintiff to secure the removal bond.

Mr. Anderson contends in his later "pleadings"[2] that this 'instant action was meant as an original action and not as a removal of the state dissolution proceedings. Because of that, he argues that he is properly before this Court, and his action should not be remanded. This argument is without merit.

■ A perusal of the original "complaint" plainly asks for "the removal of the cause of action." Although no statutory

jurisdictional authority is cited, Mr. Anderson does, in the "Memorandum of Law" attached to the "Complaint", set forth 28 U.S.C. § 1443 as his authority for removal. Section 1443 allows removal of Civil Rights cases. This section provides that an action can be removed if there exists in the state court a denial of any civil rights of a litigant. While this sounds as if plaintiff would have authority to remove his case to our Court, the case law is clearly to the contrary. The Court of Appeals for the Eighth Circuit has held that section 1443 is applicable only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights. *See Nebraska v. Forbes,* 588 F.2d 631, 632 (8th Cir. 1978) (per curiam); *United States ex rel. Sullivan v. Missouri,* 588 F.2d 579, 580 (8th Cir. 1978) (per curiam); *Milligan v. Milligan,* 484 F.2d 446, 447 (8th Cir. 1973) (per curiam) (divorce action removed because of claim of unlawful sex discrimination; action was remanded).

■ A good summary of the reasoning behind the refusal of courts to allow removal of cases similar to the instant action is set forth in *Milligan v. Milligan, supra.* In *Milligan,* the Eighth Circuit noted that:

a. Removal cannot be maintained in this case under 28 U.S.C. § 1441(a) since the citizenship of the parties is not diverse. *Blank v. Blank,* 320 F.Supp. 1389, 1390 (W.D.Pa.1971).

b. Removal cannot be maintained in this action under 28 U.S.C. § 1441(b) since divorce actions do not engender a federal question, *Blank v. Blank, supra,* at 1390–1391 & n.3, and, removal cannot be maintained where the defendant sets up a federal law as a defense to a nonfederal claim. C. Wright, Law Of Federal Courts § 38 at 131 (1971).

\* \* \* \* \* \*

d. Removal cannot be maintained in this case under 28 U.S.C. § 1443 because

---

2. In his Objection to Motion to Tax Costs [Filing No. 10], his Objection to Remand Case to State Court [Filing No. 11] and Objection to Motion to Require Bond [Filing No. 12], plaintiff alleges that he is not trying to remove the

divorce action from state court. Rather, he claims that he had meant to file an Original Common Law suit for redress of the denial of his constitutional rights.

removal must be predicated upon a specific right under a law in terms of racial equality. *Commonwealth of Pennsylvania ex rel. Gittman v. Gittman*, 451 F.2d 155, 146 & n.3 (3d Cir. 1971).

*Milligan v. Milligan, supra*, 484 F.2d at 447. Looking at this reasoning in concert with the added factors of failure to timely file for removal and failure to post bond, leads this Court to the conclusion that this action was not removable. Thus, it appears that remand under 28 U.S.C. § 1447(c) is proper here.

Section 1447(c) also provides that, upon a finding that removal was improper, the Court *may* order the payment of just costs. Various defendants in the instant action have moved this Court to award them costs and reasonable attorneys' fees. Upon review of the record, and in consideration of the fact that the plaintiff was proceeding pro se, this Court finds that each party should bear his/her own costs in this matter.

A separate order will be entered herein this date in accordance with this Memorandum.