In re The **ESTATE OF Emily SELLERS** a/k/a Emily Vallot.

No. C87 244M.

United States District Court, W.D. Washington.

March 16, 1987.

Robert L. Erickson, Seattle, Wash., for J. Vallot.

Shane C. Carew, Mikkelborg Broz Wells Fryer & Yates, Seattle, Wash., for B. Vallot.

### ORDER OF REMAND

McGOVERN, Chief Judge.

THIS MATTER is before the Court on an Order to Show Cause why it should not be remanded to State court.

### PROCEDURAL HISTORY

The above matter was removed from state court February 9, 1987 by John O. Vallot. The removal petition states that resolution of the issues pertaining to the assets of the Sellers estate are pending in an action entitled, "Succession of Emily Sellers," probate No. 10441–A, in Vermilion Parish, Louisiana.

The removal petition names three parties who are interested in the Sellers estate:

1. John O. Vallot. Washington state resident and heir to the Sellers estate.

2. Beldon O. Vallot. Ohio resident. He has filed a "Petition for Reimbursement and Collation" in the Louisiana succession matter, and has named John O. Vallot as a "defendant."

3. William Vallot. Louisiana resident. "Dative Testamentary Executor of the Succession of Emily Sellers." In the succession action, he has filed a "Petition for Return of Funds."

The above petitions of Beldon and William Vallot were filed January 30, 1987 in Vermilion Parish, Louisiana.

Beldon and William Vallot also have filed in King County Superior Court a "Petition of Heir for Revocation of Letters Testamentary and Appointment of Administrator De Bonis Non." John Vallot describes this action in his removal petition as seeking a hearing on revocation, production of documents, and accounting. It has a probate number of 85–4–04264–3.

John Vallot, the removing party here, acting through his attorney in Louisiana, obtained removal of the pending state actions in Louisiana to the U.S. District Court for the Western District of Louisiana on February 5, 1987.

## APPLICABLE LAW

Title 28 U.S.C. § 1446 describes the procedure for removal. In addition to the requirement of "a short and plain statement of the facts which entitled him or them to removal," the petition for removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief on which such action or proceeding is based...."

Title 28 U.S.C. § 1441 provides for the removal of actions generally by a defendant where the district court has original jurisdiction, and is removable without regard to the citizenship or residence of the parties where jurisdiction is founded on a claim or a right "arising under the Constitution, treaties or laws of the United States...." 28 U.S.C. § 1441(b).

Any other action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

*Id.* Case law construing the statutory provisions has developed rules of construction. The burden of establishing federal jurisdiction rests on the party seeking removal, *Salveson v. Western States Bankcard Association*, 731 F.2d 1423, 1426 (9th Cir.1984), and the removal statute is strictly construed against removal jurisdiction. *Id.* Under the "artful pleading" rule, the removal court will look beyond the face of the complaint to the substance of the claim to determine removability. *See Avco Corp. v. Aero Lodge No. 735 IAM*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968) (allegations of state labor law violations without ever mentioning a federal claim); 14A C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure*, § 3722 at 243 (1985). Similarly, in a diversity removal situation, the defendant must go beyond the complaint to determine whether there is diversity of citizenship and remove, if at all, within 30 days of receipt of the complaint. *Kaneshiro v. North American Co. for Life and Health Insurance*, 496 F.Supp. 452 (D.Haw.1980).

Having in mind the procedural history and the law applicable to these facts, several questions arise.

## ISSUES

Was the cause of action removed within 30 days?

Is Erickson's client, John O. Vallot, properly denominated a defendant?

If the removing party, John Vallot, is a defendant, is the matter thus not removable under 28 U.S.C. § 1441(b)?

If the procedural requirements for removal are met, is the matter one within the jurisdiction of this court; that is, does the probate exception of diversity jurisdiction apply, or is the action a "pure" probate proceeding or one that is "ancillary" to probate such that federal court jurisdiction would impair the policy served by the probate exception to federal diversity jurisdiction?

## ANALYSIS

The caption of this matter does not demonstrate the usual adversarial cause of action. Moreover, the matter pending in King County Superior Court before removal was a "Petition of Heir for Revocation of Letters Testamentary and Appointment of Administrator De Bonis Non," not an "ac-

tion" in the usual sense of the word as implied by the removing party. Counsel for Beldon Vallot, setting forth background facts has stated that John Vallot is the executor of the estate of Emily Sellers Vallot. In the King County action, John Vallot is being ordered to show cause why he should not be removed as executor. With reference to the King County matter, John Vallot refers to the petitioner there as "the *plaintiff* heir" in his response to the Order to Show Cause in this court. (Brief in response to Order to Show Cause at 2, emphasis added.) While John Vallot is denominated a plaintiff in his removal petition, it appears that his position is adverse in a defensive posture to the position of Beldon and William Vallot respecting their King County petition.

■ In this sense, John Vallot may be termed a party defendant for purposes of analyzing the appropriateness of removal. *See,* 14A Wright, Miller, & Cooper § 3731, at 503. Because an in-state defendant may not remove an action to federal court on the basis of diversity, 28 U.S.C. § 1441(b), this matter was improvidently removed and should be remanded to State court.

■ This matter also was untimely filed. The state court pleading was filed on December 17, 1986 and mailed to John O. Vallot's counsel that same day. Removal of a civil action must be filed within 30 days after receipt of the pleading by the Defendant. 28 U.S.C. § 1446(b). The petition for removal was filed February 9, 1987. This is well beyond the date within which removal may be made.

There appears to be no other basis for federal court jurisdiction other than diversity. Diversity removal must be accomplished within the 30-day period. *Kaneshiro.* In his petition for removal, John Vallot attempts to state a case for enlarging the period of removal by stating "petitioner herein was mislead by the wording of the pleading." Nevertheless, no basis for federal question jurisdiction has been revealed to the Court. The untimely removal of the action forms yet another basis for remanding the matter to state court.

A third basis for remanding this action is lack of federal court jurisdiction in view of the policies underlying the probate exception to diversity jurisdiction.

■ In the interest of judicial economy, once a probate proceeding has begun in State court, it should remain there until it is concluded. *Dragan v. Miller,* 679 F.2d 712, 714 (7th Cir.1982). Obviously, proceedings in the Estate of Emily Sellers have not concluded in State court. While matters of pure probate are not within federal court jurisdiction, neither are matters which are continuations of a probate proceeding or a method of procedure ancillary to the original probate. *Id.* at 715. A "suit is 'ancillary' to probate in the practical sense that allowing it to be maintained in federal court would impair the policy served by the probate exception to federal diversity jurisdiction." *Id.* at 715–16. Those policies served by the probate exception are the promotion of legal certainty, relative expertise, and most compelling, judicial economy. *Id.* at 714–15.

■ In his brief in response to order to show cause, the removing party has stated that "the Plaintiff heir in the case removed has brought action in the Washington State Court to revoke the letters testamentary formerly given to Petitioner herein, and for appointment of an administrator. In the relief requested, the Plaintiff has asked for revocation of letters and an accounting." (Brief in Response to Order to Show Cause at 2.) The matter seems to be at the very heart of a probate proceeding. It would not be appropriate for this court to address the question of whether letters testamentary should be revoked and whether an administrator should be appointed. Accordingly, this court lacks jurisdiction over the subject matter and the matter was thus not removable.

For all the above reasons, this matter must be remanded to State court.

■ Counsel for Beldon Vallot has asked for his client's costs and attorney's fees pursuant to 28 U.S.C. § 1446(d) which provides that "the defendant or defendants will pay all costs and disbursements in-

curred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed." Title 28 U.S.C. § 1447 provides "if at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case and may order the payment of just costs." "Just costs" may include attorney's fees, particularly where the removal is meritless. *See, e.g., Osborne v. Osborne,* 554 F.Supp. 566, *dismissed without opinion,* 707 F.2d 508 (4th Cir.1982). *But see, e.g., Zoyoipoulos v. Palombo,* 584 F.Supp. 867 (D.Colo.1984). While there may be divided authority on the propriety of an award of attorney's fees under 28 U.S.C. § 1447(c), an award of reasonable attorney's fees is completely proper under Fed.R.Civ. 11 when the court deems an argument to have been groundless.

■ Procedurally and substantively as discussed above, there is the absence of colorable argument for federal court jurisdiction. Moreover, the removal does appear to have been done for an improper purpose, that is, to cause unnecessary delay. In the deposition of John O. Vallot taken February 10, 1987, John Vallot admitted that part of the motivation for his transferring assets to Washington state before his mother's death was so he could bring a probate action in Washington after her death. *Id.* at 69. On February 9, 1987, Mr. Erickson, John Vallot's counsel, advised in a hand-delivered letter that he had to be in Pierce County criminal court early that same morning or be held in contempt. There is a handwritten note at the bottom of the letter from presiding judge Robert Winsor which states that "If Mr. Erickson had appeared at 9:15 a.m. this case probably would have gone to trial this morning." John Vallot's counsel had previously moved for a stay of the Washington proceeding on February 5 on the basis that John Vallot's Louisiana counsel had removed the Louisiana probate to federal court in that district. While in the February 9 letter Mr. Erickson requested that the estate of Sellers be held for the 1:30 p.m. calendar call, although he might still be in Tacoma, it was on the morning of February 9 that John Vallot's counsel filed petition for removal in this court. On February 9 Beldon Vallot's Louisiana counsel had been present in Seattle for the hearing to be held in superior court that morning. Beldon Vallot's Seattle counsel states in his Memorandum in Support of Motion to Remand that "[Louisiana counsel's] attendance was necessary because he had prepared pleadings in the Louisiana action, knew what documents had been produced, knew which hearings John Vallot had attended in the Louisiana proceeding, and the results of those hearings. Seattle counsel could not effectively cross-examine John O. Vallot without the presence of Louisiana counsel." Thus, travel expenses of the Louisiana counsel were needlessly incurred. In *Peltier v. Peltier,* 548 F.2d 1083 (1st Cir.1977), defendant in a divorce case sought removal by alleging discrimination. The Court of Appeals recognized that attorney fees should be awarded in very limited circumstances. Even so, it awarded fees and double costs on appeal. Beldon Vallot's counsel argues that this case is on a par with *Peltier.* "Not only does the federal court lack probate jurisdiction, but (a) John is an executor of the estate, not a 'defendant'; (b) petitioner filed a petition after it was time barred; and (c) on the face of his petition there is no basis for removal on diversity of citizenship grounds. One is hard pressed to imagine any more blatant case of bad faith than this case."

Under these circumstances, the removing party should not profit by this diversion to federal court and should not merely lose the $250 removal bond he posted, the minimum amount required in removal actions by local rule GR5(b). NOW, THEREFORE,

The Court concluding that this matter not only was not removable but was improvidently removed by an improper party outside the time limits for removal, this matter is ORDERED REMANDED to State court.

It is further ORDERED that the Removing Party John O. Vallot shall forfeit the $250.00 removal bond to the opposing party

Beldon O. Vallot, pay $1,000 for attorney's fees to counsel for Beldon O. Vallot, and shall reimburse Louisiana counsel's travel expenses incurred in order to appear in State court February 9, 1987.

The Clerk of the Court shall direct uncertified copies of this Order to counsel of record.